1  MARIE M. MOFFAT (62167)
   LAWRENCE C. YEE (84208)
2  MARK TORRES-GIL (91597)
   DANIELLE A. LEE (223675
3  **STATE BAR OF CALIFORNIA**
   **OFFICE OF GENERAL COUNSEL**
4  180 Howard Street
   San Francisco, CA 94105-1639
5  Telephone: (415) 538-2012
   Fax: (415) 538-2321
6  Email: mark.torresgil@calbar.ca.gov

7  JAMES M. WAGSTAFFE (95535)
   MICHAEL VON LOEWENFELDT (178665)
8  **KERR & WAGSTAFFE LLP**
   100 Spear Street, Suite 1800
9  San Francisco, CA 94105–1528
   Telephone: (415) 371-8500
10 Fax: (415) 371-0500

11 Attorneys for Defendants The State Bar
   Of California, Judy Johnson, Debra Lawson,
12 Patrice McElroy, State Bar Court, Committee
   Of Bar Examiners, Allen Malmquist

13

14                IN THE UNITED STATES DISTRICT COURT

15        FOR THE NORTHERN DISTRICT OF CALIFORNIA (San Francisco)

16 SIMON LEVI,                        MEMORANDUM OF POINTS AND
                                      AUTHORITIES IN SUPPORT OF STATE
17        Plaintiff,                  BAR DEFENDANTS' MOTION TO
                                      DISMISS PLAINTIFF'S FIRST
18 v.                                 AMENDED COMPLAINT

19 STATE BAR OF CALIFORNIA, JUDY      Case No. C 07-04378-MHP
   JOHNSON, DEBRA LAWSON, PATRICE
20 McELROY, STATE BAR COURT,
   COMMITTEE OF BAR EXAMINERS,
21 ALLEN MALMQUIST, CALIFORNIA
   SUPREME COURT, CHIEF JUSTICE
22 RONALD M. GEORGE, ASSOCIATE        Date:   November 26, 2007
   JUSTICE CARLOS R. MORENO,          Time:   4:00 p.m.
23 ASSOCIATE JUSTICE JOYCE L.         Place:  Courtroom 15, 18th Floor
   KENNARD, ASSOCIATE JUSTICE                 Hon. Marilyn Hall Patel
24 KATHRYN MICKLE WERDEGAR,
   ASSOCIATE JUSTICE MING W. CHIN,
25 ASSOCIATE JUSTICE MARVIN R.
   BAXTER, ASSOCIATE JUSTICE CAROL A.
26 CORRIGAN,

27        Defendants.

28

# TABLE OF CONTENTS

**PAGES**

I.    INTRODUCTION ........................................................................................1

II.   BACKGROUND ........................................................................................2

     A.    Nature Of The State Bar Of California ..............................................2

     B.    The Individual State Bar Defendants ................................................4

     C.    Levi's Long Moral Character History With The State Bar....................4

          1.    Levi's First Failed Application ................................................5

          2.    Levi's Second Failed Application..............................................6

          3.    Levi's Failed Petition to the Supreme Court of California .........7

          4.    Levi's Lawsuit in Superior Court ............................................7

III.  ARGUMENT ...........................................................................................8

     A.    Under FRCP Rule 12(b)(1), Levi's Complaint Should Be Dismissed
          For Lack Of Subject Matter Jurisdiction ..........................................8

          1.    The Eleventh Amendment Bars Levi's Suit ..............................8

               a.    The Eleventh Amendment Bars All Claims Against
                    the State Bar and the State Bar Court, and the
                    Committee of Bar Examiners ..........................................8

               b.    The Eleventh Amendment Bars All Claims Against
                      Individually Named State Bar Defendants, Judge
                      McElroy and Staff of the Committee of Bar
                      Examiners Acting in Their Official Capacities ..............8

          2.    <u>Rooker-Feldman</u> Jurisdictionally Bars Levi's Claims................9

          3.    The Court Lacks Subject Matter Jurisdiction to Hear
              Levi's Claims as there is No Case or Controversy  ...................12

     B.    Rule 12(b)(6) Dictates That Levi's Complaint Should Be Dismissed
          For Failure To State A Claim Upon Which Relief Can Be Granted ...................13

          1.    Legal Standard for Motion to Dismiss......................................13

          2.    Res Judicata and Collateral Estoppel Bar Levi's Claims............14

          3.    Levi Fails to Allege a Federal Deprivation................................17

          4.    Levi Fails to State a State Law Claim for Fraud.......................19

**i**

1

## <u>TABLE OF CONTENTS</u>

<u>PAGES</u>

5.    Levi's Request for Injunctive Relief  Is Improper and
Should Be Denied ...........................................................................................20

IV.    CONCLUSION...........................................................................................................21

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Pages

## Federal Cases

Abbot Labs v. Gardner,
    387 U.S. 136, 87 S.Ct. 1507 (1967)........................................................................12

American-Arab Anti-Discrimination Committee v. Thornburgh,
    970 F.2d 501 (9th Cir. 1991) ..............................................................................12

Armstrong v Manzo,
    380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)............................................18

Bell Atlantic Corp. v. Twombly,
    U.S. __, 127 S.Ct. 1955, ___, L.Ed.2d ___ (2007)...................................13,14,17

Bullen v. De Brettville,
    239 F.2d 824 (9th Cir. 1956) ..............................................................................12

Cahill v. Liberty Mutual Ins. Co.,
    80 F.3d 336 (9th Cir. 1996) ................................................................................13

Chaney v. State Bar of California,
    386 F.2d 962 (9th Cir. 1967) ..............................................................................13

Chappel v. Robbins,
    73 F.3d 918 (9th Cir. 1960) ................................................................................13

Clinton v. Acequia, Inc.,
    94 F.3d 568 (9th Cir. 1996) ................................................................................12

Conley v. Gibson,
    355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)..................................................14

Craig v. State Bar of California,
    141 F.3d 1353 (9th Cir. 1998) ..............................................................................9

District of Columbia Court of Appeals v. Feldman,
    460 U.S. 462, 103 S.Ct. 1303 75 L.Ed.2d 206 (1983)............................2,9,10,11

DM Research, Inc. v. Coll. of Am. Pathologists,
    170 F.3d 53 (9th Cir. 1999) ................................................................................17

Edelman v. Jordan,
    415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)............................................9

Exxon Mobil Corp. v. Saudi Basic Industries Corp.,
    544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)....................................10

Giannini v. Committee of Bar Examiners of the State Bar of California,
    847 F.2d 1434 (9th Cir. 1988) ............................................................................13

Giannini v. Real,
    911 F.2d 354 (9th Cir. 1990) ..........................................................................3,18

iii

1

**TABLE OF AUTHORITIES**

Pages

2

Gupta v. Thai Airways, Int'l, LTD,
    487 F.3d 759 (9th Cir. 2007) ..................................................................14

3

4

Hafer v. Melo,
    502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)........................................9

5

Hirsh v. Justices of the Supreme Court of California et al.,
    67 F.3d 708 (9th Cir. 1995) .................................................3,8,11,13,18

6

Kenneally v. Lungren,
    967 F.2d 329 (9th Cir. 1992) ..................................................................18

7

8

Lupert v. California State Bar,
    761 F.2d 1325 (9th Cir. 1985), cert. denied, 474 U.S. 916,
    106 S.Ct. 241, 88 L.Ed.2d 251 (1985)..........................................................8

9

10

MacKay v. Nesbett,
    412 F.2d 846 (9th Cir. 1969) ...................................................................9

11

12

Margulis v. State Bar of California,
    845 F.2d 215 (9th Cir. 1988) ..................................................................13

13

Mathews v. Eldridge,
    424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).........................................18

14

15

Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,
    457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)......................................10

16

Miller v. Rykoff –Sexton, Inc.,
    845 F.2d 209 (9th Cir. 1998) ..................................................................21

17

18

Missouri v. Fiske,
    290 U.S 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933) ..................................................

19

Mothershed v. Justices of Supreme Court,
    410 F.3d 602 (9th Cir. 2005) ...................................................................8

20

Nunes v. Ashcroft,
    348 F.3d 815 (9th Cir. 2003) ..................................................................21

21

22

Olagues v. Russoniello,
    770 F.2d 791 (9th Cir. 1985) ..................................................................20

23

Pena v. Gardner,
    976 F.2d 469 (9th Cir. 1992) .................................................................8,9

24

Pennhurst State School & Hospital v. Halderman,
465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ...........................................8

25

26

Peterson v. Jensen,
371 F.3d 1199 (9th Cir. 2004)..................................................................13

27

Price v. Akaka,
928 F.2d 824 (9th Cir. 1990)....................................................................2

28

1

# <u>TABLE OF AUTHORITIES</u>

<u>Pages</u>

2

3
<u>Pulliam v. Allen</u>,
466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984 ......................................21

4
<u>Rooker v. Fidelity Trust Co.</u>,
263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)................................................8

5

6
<u>In re Rosenthal</u>,
854 F.2d 1187 (9th Cir. 1988) ........................................................................18

7
<u>Rosenthal v. Justices of the Supreme Court of California</u>,
910 F.2d 561 (9th Cir. 1990) ......................................................................2,3

8

9
<u>Saul v. United States</u>,
928 F.2d 829 (9th Cir. 1991) ...........................................................................21

10
<u>Seaborn v. State of Florida, Dept. of Corrections</u>,
143 F.3d 1405 (11th Cir. 1998) ........................................................................8

11

12
<u>Selling v. Radford</u>,
243 U.S. 46, 37 S.Ct. 377 (1916).....................................................................18

13
<u>Western Mining Council v. Watt</u>,
643 F.2d 618 (9th Cir. 1981) ..........................................................................13

14

15
<u>Younger v. Harris</u>,
401 U.S. 37, 91 S.Ct. 746 (1971).  ................................................................13

16

# <u>California Cases</u>

17
<u>In re Attorney Discipline System</u>,
19 Cal.4th 582, 79 Cal.Rptr.2d 836 (1998)........................................................2

18

19
<u>Bostick v. Flex Equip. Co. Inc.</u>,
147 Cal.App.4th 80 (2007) ............................................................................15

20
<u>Goehring v. Chapman Univ.</u>,
121 Cal.App.4th 353, 17 Cal.Rptr.3d 39 (4th Dist. 2004)...........................19,20

21

22
<u>Green v. Zank</u>
158 Cal.App.3d 497 (1984) ..............................................................................3

23
<u>Los Angeles Airways, Inc. v. Hughs Tool Co.</u>,
95 Cal.App.3d 1 (1979) .................................................................................15

24

25
<u>In Re Menna</u>,
11 Cal.4[th] 975, 47 Cal.Rptr.2d 2 (1995)............................................................3

26
<u>People v. Barragan</u>,
32 Cal.4th 236, 9 Cal.Rptr.3d 76 (2004)..........................................................14

27

28
<u>Roos v. Red</u>,
130 Cal.App.4th 870 (2005) ..........................................................................16

1

## **TABLE OF AUTHORITIES**

**Pages**

In re Rose,
    22 Cal.4th 430, 93 Cal.Rptr.2d 298 (2000)...........................................................2,3,4,15

Small v. Fritz Co., Inc.,
    30 Cal.4th 167, 132 Cal.Rptr.3d 490 (2003)...........................................................19

Vandenberg v. Superior Court,
    21 Cal.4th 815, 88 Cal.Rptr.2d 366 (1999)...........................................................15

## **Constitutions**

California Constitution
    Article VI, Section 9 ...........................................................................................2

## **Rules**

California Rules of Court
    Rule 9.12    ...........................................................................................3
    Rule 9.13    ...........................................................................................4
    Rule 9.13(d)    ...........................................................................................3
    Rule 9.16(b)    ...........................................................................................4
    Rule 9.18(c)    ...........................................................................................4

Federal Rules of Civil Procedure
    Rule 8(a)(2)    ...........................................................................................14
    Rule 12(b)(1)    ...........................................................................................8
    Rule 12(b)(6)    ...........................................................................................13

Rules of Procedure of the State Bar of California
    Rule 300...........................................................................................3

Rules Regulating the Practice of Law in California
    Rule I ...........................................................................................3
    Rule X, Section 1 ...........................................................................................3

## **Statutes**

California Business and Professions Code
    Section 6000    ...........................................................................................3
    Section 6001    ...........................................................................................2
    Section 6060, subdivision 9d)...........................................................................................3
    Section 6064    ...........................................................................................3
    Section 6066    ...........................................................................................3

California Civil Code
    Section 1709...........................................................................................19

United States Code
    Title 28, Section 1257...........................................................................................9
    Title 28, Section 1291...........................................................................................9
    Title 28, Section 1331...........................................................................................9
    Title 28, Section 1738...........................................................................................14

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    **INTRODUCTION**

3    Mr. Levi is yet again attempting to sue his way into the California bar.  He has filed two

4 unsuccessful moral character applications ("First Failed Application" and "Second Failed

5 Application") and he has no other application pending.[1]  He has drafted numerous pleadings and

6 filed lawsuits as part of his attempts to gain admission.[2]  This complaint, however, may well

7 violate every known judicial pleading requirement, law school education notwithstanding.

8 Instead of stating his legal and factual basis for a federal claim, Mr. Levi asserts a self-styled

9 cause of action called "recusal."  Levi then engages in a two-part discussion of his Second Failed

10 Application that the California Supreme Court rejected for review and of a state court lawsuit he

11 dismissed regarding matters related to the same failed application.  Levi then asks this court to

12 dismantle fundamental state government infrastructure by 1) voiding the entire basis of his

13 Second Failed Application, 2) neutering the entire State Bar of California[3] for the purposes of

14 some hypothetical future application and 3) commandeering one of the Governor's regulatory

15 agencies in the event he should ever decide to submit another moral character application.

16    Well-established federal decisional law renders each and every part of his requested

17 injunction worthless. 1) The Eleventh Amendment immunizes the State Bar and its employees in

18 their official capacity[4] against Levi's lawsuit; 2) the ripeness doctrine prevents this court from

19

20    [1] In his First Amended Complaint ("FAC"), Levi omits the allegation that was in his original

21 complaint that he has submitted a third application to the California bar.  In his original
complaint, he named the California bar and its officials; in his First Amended Complaint, he has

22 added the Supreme Court of California and its Chief Justice and Associate Justices.

23    [2] Levi appears *pro se* in this matter. Though in some circumstances *pro se* litigants are

24 entitled to some leeway in pleadings, the rule is premised in their presumed unfamiliarity with
the law and legal proceedings. Levi, however, graduated from law school and passed the

25 California Bar examination. Thus, the rationale for flexibility in reviewing claims by *pro se*
litigants does not apply to Levi.

26    [3] "State Bar."

27    [4] Levi's complaint does not state whether defendants are being sued in their personal or

28 official capacities. Indeed, he is not suing defendants for monetary damages but is solely seeking
injunctive relief relating to the official functions of the State Bar. Moreover, the basis for relief

**1**

1    considering Levi's claims as the Court has no way of knowing whether Levi will ever submit a

2    third moral character application; and 3) the Rooker Feldman[5] doctrine forecloses Levi's attempt

3    to appeal the decision in his state court proceedings to this federal district court.[6]  Moreover,

4    Levi fails to state a claim, he is estopped from relitigating his claims, and his requested equitable

5    relief is plainly improper.  Levi's lawsuit should be dismissed with prejudice.

## II.     BACKGROUND

**A.     Nature Of The State Bar Of California**

8            Article VI, section 9 of the California Constitution establishes the State Bar and expressly

9    acknowledges it as intrinsic to the judiciary.[7]  The California Supreme Court characterizes it as

10   *sui generis* – its "administrative arm" for attorney admission and discipline.[8]  Although the State

11   Bar enjoys statutory authority, the California Supreme Court explicitly and emphatically retains

12   absolute control over all attorney matters.  Only the California Supreme Court has the authority

13   to grant or deny admission to the bar.[9]

14           The State Bar's Board of Governors established the Committee of Bar Examiners[10] to:

---

sought arises from conduct in connection with his moral character proceedings. Therefore, it is
clear that Levi sues defendants in their official capacities only. See Price v. Akaka, 928 F.2d 824,
828 (9th Cir. 1990) (where a plaintiff fails to identify the capacity in which the state actor is
sued, the Ninth Circuit looks beyond the caption of the complaint to the "basis of the claims
asserted and the nature of the relief sought."

[5] Named after Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923),
and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 75 L.Ed.2d
206 (1983).

[6] There are far too many legal insufficiencies in Mr. Levi's complaint to be thoroughly vetted
in Defendants' motion.

[7] See Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code, § 6001; In re Rose, 22 Cal.4th 430,
438, 93 Cal.Rptr.2d 298 (2000).

[8] See In re Attorney Discipline System, 19 Cal.4th 582, 598-600, 79 Cal.Rptr.2d 836 (1998);
see also Rosenthal v. Justices of the Supreme Court of California, 910 F.2d 561, 566 (9th Cir.
1990).

[9] In re Rose, 22 Cal.4th at 436.

[10] "Committee".

**2**

1   (a) examine applicants; (b) administer admissions requirements; and (c) certify successful

2   applicants to the Supreme Court.[11]  The Committee can only certify applicants with good moral

3   character.[12] 'Good moral character' includes honesty, fairness, candor, trustworthiness,

4   observance or fiduciary responsibility, respect for and obedience to state and national law,

5   respect for others' rights and the judicial process.  The applicant must establish that he has good

6   moral character.[13]  Again, the Committee's decision is only a recommendation,[14] as the

7   California Supreme Court retains its authority to admit individuals to practice.[15]

8          California provides constitutionally sufficient procedural due process in admissions and

9   discipline.[16]  If the Committee determines that the applicant does not have good moral character,

10  he has the right to several levels of review. First, he may partake in a State Bar Court Hearing

11  Department[17] formal evidentiary hearing.[18]  Second, the State Bar Court Review Department[19]

12  then conducts an independent de novo review.[20]  Third, the California Supreme Court reviews

13  petitions from applicants refused certification.[21]  The California Supreme Court review follows

---

15  [11] See Rules Regulating Admission to Practice Law in California, rule I, Cal. Bus. & Prof.
16  Code, § 6064. See also Green v. Zank 158 Cal.App.3d 497, 505 (1984).

17  [12] Cal. Bus. & Prof. Code, § 6060, subd. (d).

18  [13] Rules Regulating Admission to Practice Law in California, rule X, Section 1.

19  [14] Green, 158 Cal.App.3d at 505.

20  [15] In re Menna, 11 Cal.4th 975, 984-985, 47 Cal.Rptr.2d 2 (1995); Rose, 22 Cal.4th at 453.
    See Cal. Bus. & Prof. Code, § 6000 et seq.

21  [16] Giannini v. Real, 911 F.2d 354, 357 (9th Cir. 1990) (state rules providing for State
22  Supreme Court to review State Bar's denial of an applicant's admission to practice law satisfies
    the requirements of due process); Rosenthal, 910 F.2d at 564-65; see Hirsh v. Justices of the
23  Supreme Court of California et al., 67 F.3d 708, 713 (9th Cir. 1995) (California's disciplinary
    procedures provide adequate opportunity for judicial review of federal claims).

24  [17] "Hearing Department".

25  [18] In re Menna, 11 Cal.4th at 984-985.

26  [19] "Review Department".

27  [20] Cal. Rules of Ct., rule 9.12; State Bar Procedural Rules, rule 300, et seq.

28  [21] Cal. Rules of Ct, rule 9.13(d); Cal. Bus. & Prof. Code, § 6066.

**3**

1   naturally from the admissions process, as State Bar Court decisions are only recommendations.

2   The California Supreme Court undertakes an independent determination as to whether the

3   attorney should be disciplined (or denied admission) as recommended.[22]  The California

4   Supreme Court's denial of a State Bar Court decision is a final judicial determination on the

5   merits.[23]

6   **B.    The Individual State Bar Defendants**

7   1.    Judy Johnson: The State Bar employs Ms. Johnson as its Executive Director.  Ms.

8   Johnson has direct oversight authority over all bar operations.

9   2.    Hon. Patrice McElroy:  The Honorable Patrice McElroy is a State Bar Court Hearing

10  Department judge.  As part of her employment duties and responsibilities, Judge McElroy

11  presided over and heard Levi's request for review of his Second Failed Application.  Judge

12  McElroy issued the Hearing Department decision filed March 18, 2004.[24]

13  3.    Debra Lawson: The State Bar employs Ms. Lawson as Moral Character Determination

14  Office Director.

15  4.    Allen  Malmquist (Malmquist's first name is incorrectly spelled "Alan" in the First

16  Amendment Complaint): The State Bar employs Mr. Malmquist as a Moral Character Analyst in

17  the Moral Character Determinations Office.

18  **C.    Levi's Long Moral Character History With The State Bar**

19          Levi twice attempted unsuccessfully to gain admission to the bar. Levi's two prior

20  applications for admission were denied on moral character grounds.  Each time, the Hearing

21  Department conducted an extensive evidentiary hearing.  Levi did not seek California Supreme

22  Court review of his First Failed Application.  The California Supreme Court denied his petition

23  for review of his Second Failed Application.  Levi then sued the State Bar in superior court

24

25      [22] See In re Rose, 22 Cal.4th at 439.

26      [23] Id., at 443-45; Cal. Rules of Ct., rules 9.13, 9.16(b), 9.18(c).

27      [24] See March 2004 Hearing Order "Judge McElroy's Order" a true and correct copy of which
28  is attached to State Bar Defendants' Request for Judicial Notice ("RJN"), filed herewith, as
    Exhibit 3.

1   alleging, *inter alia*, that State Bar law clerk, Rachel Abelson ("Abelson"), improperly disclosed

2   confidential information about him to Sara Raymond ("Raymond"), a fellow Golden Gate Law

3   School student he sexually harassed.  Levi ultimately dismissed the superior court action.  These

4   proceedings are summarized in more detail below.

5       1.    **Levi's First Failed Application.**

6       Levi graduated from San Francisco Law School, passed the California Bar examination,

7   and submitted his first moral character application in or about 1997.[25]  The Committee denied his

8   first moral character application in June 1998.[26]  Levi requested review of the Committee's

9   determination in the Hearing Department.[27]

10      On December 7, 1999, the Hearing Department issued its decision denying Levi's

11  application for admission due to multiple incidents reflecting inadequate moral character.  The

12  Hearing Department found that Levi had filed frivolous lawsuits against Safeway, behaved

13  aggressively and threatening towards Safeway's counsel, impersonated a police officer while

14  working as a process server, assaulted  – and was convicted for – physically attacking a woman

15  and pepper-spraying both her and her five-year-old daughter while serving papers, and that Levi

16  lacked candor while presenting his case.[28]

17      Levi appealed to the Review Department.  On April 12, 2001, the Review Department

18  affirmed the Hearing Department's conclusion.  The Review Department expressed concern that

19  Levi's past misconduct raised serious issues as to his reliability and ability as a lawyer to handle

20

21

22  _____

23      [25] See State Bar Court Review Department's April 12, 2001 Order *In the Matter of Simon S.
    Levi, An Applicant for Admission*, Case No 99-M-10079, "First Review Dept. Denial" a true and

24  correct copy of which is attached to RJN, as Exhibit 2, p 5, ¶3.

25      [26] Judge McElroy's Order, RJN, Exh 3, p. 3, line 26.

26      [27] See State Bar Court Hearing Department's December 7, 1999 Order *In the Matter of Simon
    S. Levi, Applicant for Admission,* Case No 99-M-10079 NRL, "First Hearing Dept. Denial," a

27  true and correct copy of which is attached to RJN as Exhibit 1, p. 2, lines 1-12.

28      [28] First Hearing Dept. Denial, RJN, Exh 1, p. 15, Conclusions, ¶2 –5.

**5**

1    serious affairs in an appropriate and non-violent or abusive manner.[29]  Levi did not seek further

2    review of this decision.

3    **2.    Levi's Second Failed Application.**

4    In August 1999, Levi enrolled in an L.L.M. program at Golden Gate Law School.[30]  On

5    March 20, 2001, he filed his second moral character application.[31]  On June 13, 2002, again, the

6    Committee declined to certify him.[32]  On June 18, 2002, again, Levi requested a hearing.[33]

7    Judge Patrice McElroy held a three-day hearing before filing her decision on March 18,

8    2004, affirming the Committee's conclusion due to his sexual harassment of Raymond and his

9    failure to report such conduct on his application, among other things.  Again, Levi appealed.

10    On September 16, 2005, the Review Department affirmed the Hearing Department's

11    conclusion.  The Review Department found that Levi continued to resort to intemperate,

12    intimidating, and inappropriate behavior, such that his efforts at rehabilitation were unfinished

13    and insufficient.  The Review Department noted that at the same time that Levi was litigating the

14    first denial of admission, he on numerous occasions seriously disregarded the rights of others.[34]

15    He repeatedly sexually harassed Raymond, abused the law school's e-mail communication

16    system, sending a barrage of unwanted messages to students, and launched a vituperative,

17    personal and inappropriate verbal attack against the Dean of Golden Gate Law School.[35]

18    This time Levi sought review by the California Supreme Court.

19

20    _____

21    [29] First Review Dept. Denial, RJN, Exh 2, p. 41, ¶1.

22    [30] Judge McElroy's Order, RJN, Exh. 3, page 6, lines 1-2.

23    [31] Judge McElroy's Order, RJN, Exh. 3, page 1, lines 21-22.

24    [32] Judge McElroy's Order, RJN, Exh. 3, page 1, lines 22-23.

25    [33] Judge McElroy's Order, RJN, Exh. 3, page 1, lines 23-24.

26    [34] See State Bar Court Review Department's September 16, 2005 Order *In the Matter of*

27    *Simon S. Levi, Applicant for Admission to Practice Law,* Case No. 02-M-12939, "Second Review Dept. Denial," a true and correct copy of which is attached to RJN as Exhibit 4, p. 2, ¶2.

28    [35] Second Review Dept. Denial, RJN, Exh. 4, p. 2, ¶2.

### 3.    Levi's Failed Petition in the Supreme Court of California

On November 15, 2005, Levi petitioned the California Supreme Court for review of the Review Department's September 16, 2005 decision.  Levi alleged that the Review Department committed numerous factual and legal errors.  Levi also alleged, among other things, that the Hearing Department erred by not reopening discovery regarding his sexual harassment of Raymond.  He contended that he had discovered that a fellow Golden Gate Law School student, Abelson, disclosed confidential information about him to Raymond; information that Abelson purportedly obtained while working as a law clerk for the State Bar's disciplinary prosecution division – the Office of the Chief Trial Counsel.[36]  On January 4, 2006, the California Supreme Court denied Levi's petition for review.[37]

### 4.    Levi's Lawsuit in Superior Court

On November 24, 2004, Levi sued the State Bar, a senior State Bar prosecutor, and Abelson, in the superior court alleging various causes of action stemming from Abelson's purported disclosure of confidential State Bar information to Raymond, his intended paramour.  Levi voluntarily dismissed the action while the parties were engaged in an interim appeal of the court's decision denying in part and granting in part defendants' special motion to strike.  The superior court made no factual determinations as to the merits of Levi's accusations, particularly as to whether or not Abelson disclosed confidential information.  Contrary to Levi's assertion that the State Bar improperly disclosed confidential information[38] there has been no finding by any court in this regard.  Indeed, the State Bar denies that any such improper disclosure ever occurred.

---

[36] See November 15, 2006 Petition for Review of State Bar Court Decision Denying Certification, *In re Simon S. Levi on Admission* Supreme Court Case S138884, "Supreme Court Petition" a true and correct copy of which is attached to RJN, as Exhibit 5, page 26, section G. 1.

[37] See January 4, 2006 Supreme Court Order *In re Simon S. Levi on Admission* S.B.C. No. 02-12939, S138884, "Supreme Court Denial," a true and correct copy of which is attached to RJN as Exhibit 6.

[38] See e.g. FAC, p. 4:23-27.

**7**

1

### III.    ARGUMENT

2

**A.    Under FRCP Rule 12(b)(1), Levi's Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction**

3

4

   **1.    The Eleventh Amendment Bar's Levi's Suit**

5

      a.    The Eleventh Amendment Bars All Claims Against the State Bar, the State Bar Court, and the Committee of Bar Examiners

6

7

   The Eleventh Amendment proscribes federal court suits against a state or one of its

8

agencies absent consent.[39]  The State Bar's character as 'arm of the State' extends to Eleventh

9

Amendment immunity.[40]  This jurisdictional bar applies regardless of the nature of the relief

10

sought.[41]  Eleventh Amendment immunity applies to pendent or supplemental state law claims as

11

well.[42] Accordingly, the Eleventh Amendment bars all claims against the State Bar and the State

12

Bar Court.  Since Levi fails to state facts sufficient to invoke the Court's subject matter

13

jurisdiction, his complaint should be dismissed in its entirety.[43]

14

      b.    The Eleventh Amendment Bars Levi's Claims Against the Individually Named State Bar Defendants, Judge McElroy, and Staff of the Committee of Bar Examiners Acting in Their Official Capacities

15

16

   The Eleventh Amendment also extends its bar to federal action for damages, or other

17

retroactive equitable relief, against government agencies to its state officials acting in their

18

19

20

21

[39] Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

22

23

[40] Hirsh, 67 F.3d at 715 ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court."); see also Lupert v. California State Bar, 761 F.2d 1325, 1327 (9th Cir. 1985), cert. denied, 474 U.S. 916, 106 S.Ct. 241, 88 L.Ed.2d 251 (1985).

24

25

[41] Pennhurst, 465 U.S. at 100-01; see also Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933).

26

[42] Pennhurst, 465 U.S. at 120-121.

27

[43] Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (defense of Eleventh Amendment is a jurisdictional bar); Seaborn v. Florida Dep't. of Corr., 143 F.3d 1405, 1407 (11th Cir. 1998).

28

**8**

1    official capacities.[44]  The Eleventh Amendment, however, does not bar a request for prospective

2    injunctive relief for continuing federal law violations.[45]  Levi requests two forms of equitable

3    relief: both against the individually named defendants for actions in their official capacity; one

4    retroactive, i.e. nullification of the State Bar Court's second decision rejecting his application for

5    admission, and one prospective, i.e. disqualification of the State Bar from processing some

6    hypothetical third application.  The Eleventh Amendment bars Levi's request for retroactive

7    injunctive relief against the individually named State Bar defendants in their official capacities.

8    **2.    _Rooker-Feldman_ Jurisdictionally Bars Levi's Claims**

9    Levi's claims solely arise from the California Supreme Court's decision to deny him

10   admission.  The relief he asks this court for is review and reversal of the unfavorable California

11   Supreme Court judgment denying **his** admission: i.e. issue an order nullifying Judge McElroy

12   Decision on his Second Failed Application.[46]

13   Congress left the authority to review state court decisions with the United States Supreme

14   Court when it established an Article III court system and not with the lower federal courts.[47]

15   Only the United States Supreme Court can review final state court judgments on attorney

16   admission, discipline, and disbarment of members.  The lower federal courts have no authority to

17   review such decisions via an original action.[48]  This jurisdictional limitation on the federal court's

18   power is known as the Rooker-Feldman doctrine.[49]

19   Attorney regulatory matters are at the core of the Rooker-Feldman doctrine.  In Feldman,

20   District of Columbia Bar rules denied Marc Feldman permission to sit for the bar examination

21   _____

22   [44]  Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); Hafer v.

23   Melo, 502 U.S. 21, 24-25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Pena, 976 F.2d at 472 (same).

24   [45]  Id., at n. 5, Edelman, 415 U.S. at 664.

25   [46]  FAC, p. 13:7-8.

26   [47]  28 U.S.C. §§ 1257, 1291, 1331.

27   [48]  See MacKay v. Nesbett, 412 F.2d 846 (9th Cir. 1969); Craig v. State Bar of California, 141
     F.3d 1353 (9th Cir. 1998).

28   [49]  Rooker, 263 U.S. at 413; Feldman, 460 U.S. at 465-66.

**9**

1    because he did not attend law school.[50]  Feldman argued that the denial of his petition violated

2    the Fifth Amendment and federal antitrust laws, and sought an injunction either admitting him or

3    permitting him to take the exam.[51]

4              The Supreme Court analogized admissions decisions to disciplinary proceedings thereby

5    finding that admissions decisions are judicial in nature.[52]  Next, the Supreme Court parsed

6    Feldman's claims: (1) denial of the plaintiffs' application – not within the district court's

7    jurisdiction – and (2) a general constitutional challenge to the bar rule.  The Court decided that

8    only it could hear challenges to allegedly unconstitutional individual judicial state court

9    decisions, and that the lower district court could hear most general constitutional challenges to

10   state bar rules.

11             The Court, however, also kept original jurisdiction for those general constitutional

12   challenges where it was impossible to analyze the general challenge without reviewing an

13   individual final state court decision or without interpreting state law or procedure[53] – this is

14   Rooker Feldman's inexorably intertwined doctrine.[54]  The Ninth Circuit[55] and the Supreme

15   Court[56] have both reaffirmed Rooker-Feldman's core principles.  Here, granting Levi's request

16   would necessarily require this court to reverse the California Supreme Court's decision denying

---

18   [50] Id. at 465-66. A companion case alleged the same claim for another applicant. Id. at 470-
19   73.

20   [51] Id. at 468-69.

21   [52] Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 102 S.Ct.
     2515, 73 L.Ed.2d 116 (1982).  Feldman, 460 U.S. at 482.

22   [53] Id. at 485.

23   [54] Id. at 486-87.

24   [55] Mothershed v. Justices of Supreme Court, 410 F.3d 602 (9th Cir. 2005) (dismissing action
25   on Rooker-Feldman grounds concluding that district court lacked subject matter jurisdiction to
     hear plaintiff's allegation that defendants' failed to properly apply State Bar rule to **his** own
26   disciplinary action).

27   [56] See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84, 125 S.Ct. 1517,
     161 L.Ed.2d 454 (2005) (federal complaints that invite review and reversal of unfavorable state-
28   court judgments out of bounds.).

1    his petition for review.  This is exactly the type of individualized challenge and de facto appeal

2    prohibited under the <u>Rooker-Feldman</u> doctrine that cannot be brought in federal district court.[57]

3        United States District Courts ... have subject matter jurisdiction over general challenges
         to state bar rules, promulgated by state courts in non-judicial proceedings, which do not
4        require review of a final state court judgment in a particular case. They do not have
         jurisdiction, however, over challenges to state court decisions in particular cases arising
5        out of judicial proceedings even if those challenges allege that the state court's action
         was unconstitutional. Review of those decisions may be had only in [the United States
6        Supreme Court].[58]

7    If claims raised in the federal action are 'inextricably intertwined' with the state court's decision

8    such that adjudication of the federal claims would undercut the state ruling or require the district

9    court to interpret the application of state laws or procedural rules, then the federal complaint

10   must be dismissed for lack of subject matter jurisdiction.[59]

11        Though <u>Rooker-Feldman</u> does not prohibit a general constitutional challenge,[60] Levi does

12   not even allege a general challenge:  Levi only challenges ***his*** treatment during the State Bar

13   proceedings and blatantly seeks to undercut the California Supreme Court's decision by voiding

14   the State Bar Court's recommendation denying him admission to the bar.[61]  Indeed, Levi's

15   complaint constitutes a textbook individualized challenge to the California Supreme Court's

16   decision to reject his application for admission.  Therefore, this Court lacks subject matter

17   jurisdiction to hear Levi's claims.[62]

18

19

20

_____

21   [57] <u>Mothershed,</u> 410 F.3d at 607.

22   [58] <u>Feldman</u>, 460 U.S. at 486.

23   [59] <u>Id.</u> at 486-487.

24   [60] <u>Id</u>. at 483.

25   [61] <u>See</u> <u>e.g</u>. FAC, pp. 6:22 – 8:22.

26   [62] Levi suggests that there exists a bias exception to the <u>Rooker-Feldman</u> doctrine. FAC at 12:
27   n. 1. There is no such exception.  It appears Levi is confusing the <u>Rooker-Feldman</u> doctrine with
     the <u>Younger</u> abstention doctrine that does provide that abstention is inappropriate if the state
28   tribunal is incompetent by reason of bias. <u>See</u> <u>Hirsh</u>, 67 F.3d at 713.

3.    **The Court Lacks Subject Matter Jurisdiction to Hear Levi's Claims as there Is No Case or Controversy**

Levi's primary objective in this complaint is to prevent the State Bar from evaluating a theoretical third moral character application, should he decide to submit one in the future.[63]  Any action that rests on a future contingency that may or may not occur, however, is not ripe for review.[64]  Levi has not alleged that he has a third moral character application pending and, in fact, he may never do so.  In a very real sense, his claims are theoretical and abstract with no immediate and real concrete impact on any of the parties.  The "basic rationale" of Article III ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."[65]

Nor can Levi claim hardship should the Court decline to consider his claims.[66]  Levi alone has the means to determine the timing of his next moral character application. Of course, it is entirely possible that Levi won't file a third application at all given his last two failed attempts as well as his reluctance to reform or accept responsibility for his malfeasance.  In fact, Levi may very well be betting on this Court's intervention to make his decision for him.  Levi's gambling impulses aside, however, he will suffer no harm should the Court reject his claims on ripeness grounds.  The full and fair procedures of the California Supreme Court's admissions and moral

---

[63]  Levi's First Amended Complaint no longer alleges that Levi submitted a third moral character application to the State Bar (see Complaint, former paragraph 18 [alleging that Levi "recently" submitted an incomplete moral character application to the State Bar]). Therefore, for purposes of considering the State Bar's motion to dismiss Levi's First Amended Complaint, there are no allegations that Levi has submitted a third moral character application to the State Bar, that one is presently pending, or that he ever intends to do so, Bullen v. De Brettville, 239 F.2d 824, 833 (9th Cir. 1956) (an amended pleading supercedes the original).

[64]  Clinton v. Acequia, Inc., 94 F.3d 568, 572-73 (9th Cir. 1996) (breach of contract claim is unripe and presents no case or controversy where dispute hangs on whether party will or will not exercise agreement to liquidate corporation in the future).

[65]  Abbot Labs v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507 (1967).

[66]  American-Arab Anti-Discrimination Committee v. Thornburgh, 970 F.2d 501, 510 (9th Cir. 1991) (in deciding whether controversy is "ripe" for judicial determination, court should consider whether issues are fit for judicial decision and whether parties will suffer hardship if court declines to consider issues).

1   character process will remain available to him.

2       This action would present no case or controversy unless and until he applied for a new

3   moral character determination and, if there is a third negative recommendation, has sought

4   review by the California Supreme Court.  The Ninth Circuit has clearly held that any plaintiff

5   who fails to appeal a State Bar recommendation for admission to the California Supreme Court

6   has not been denied any cognizable rights.[67] [68]

7   **B.**   **Rule 12(b)(6) Dictates That Levi's Complaint Should Be Dismissed For Failure To**
        **State A Claim Upon Which Relief Can Be Granted[69]**

8

9       **1.**   **Legal Standard for Motion to Dismiss.**

10      Rule 12(b)(6) tests the legal sufficiency of a complaint's claims.[70]  Statutory or common

11  law immunity can also be the basis for dismissal.[71]  While the Court must assume all factual

12  allegations to be true, it need not accept legal conclusions disguised as factual allegations."[72]

13      In Bell Atlantic Corp. v. Twombly,[73] the Supreme Court cast aside the commonly

14  accepted principle that a complaint should not be dismissed unless it appears beyond doubt that

15

16  ─────────────────────

17  [67] See Giannini v. Comm. Of Bar Exam'rs of the State Bar of California, 847 F.2d 1434, 1435
    (9th Cir. 1988); Margulis v. State Bar of California, 845 F.2d 215, 216-217 (9th Cir. 1988);
    Chaney v. State Bar of California, 386 F.2d 962, 963, 966 (9th Cir. 1967).

18

19  [68] Levi appears to have omitted the allegation that he has submitted a third moral character
    application to the State Bar in order to avoid the application of Younger abstention doctrine. See
20  Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971).  The Younger abstention doctrine requires
    "abstention in favor of state proceedings (1) that are ongoing, (2) implicate important state
21  interests, and (3) provide the plaintiff with an adequate opportunity to litigate federal claims."
    See Hirsh, 67 F.3d at 712. If Levi had a third application pending, abstention would be
22  appropriate to avoid interfering with an ongoing judicial proceeding in an area of particular
    interest to the state, i.e. attorney admissions matters.

23

24  [69] Federal Rules of Civil Procedure, or FRCP ("Rule").

25  [70] Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337 (9th Cir. 1996).

26  [71] Peterson v. Jensen, 371 F.3d 1199, 1201-02 (9th Cir. 2004); Chappel v. Robbins, 73 F.3d
    918, 920 (9th Cir. 1960).

27  [72] Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

28  [73] ___ U.S. ___, 127 S.Ct. 1955, 1974, ___, L.Ed.2d ___ (2007).

**13**

1    no set of facts[74] would entitle plaintiff to relief.  The Court refined and heightened the "plain

2    statement"[75] pleading standard to assess a pleading's adequacy:  it requires the plaintiff to plead

3    "enough facts to state a claim to relief that is <u>plausible</u> on its face."[76]  The Supreme Court's

4    decision suggest pleadings now require "enough heft" to show plausible entitlement to relief.[77]

5              **2.       <u>Res Judicata and Collateral Estoppel Bar Levi's Claims</u>**

6              Levi impermissibly attempts to re-litigate issues that his state court proceedings claims

7    already addressed.  Specifically, Levi asks the court to review (1) his own conflict waiver of

8    Judge McElroy's sua sponte disclosure that she once worked for Golden Gate Law School Dean,

9    Peter Keane,[78] (2) Abelson's alleged disclosure of confidential State Bar information concerning

10   Levi, (3) his sexual harassment of a fellow law student and his treatment by Golden Gate Law

11   School officials, (4) various alleged due process violations from his Second Failed Application

12   and (5) allegedly false statements made during his Second Application about monies he owed to

13   the Internal Revenue Service.[79]

14             The Ninth Circuit and the Full Faith and Credit Statute require application of California

15   law to determine whether California Supreme Court affirmation of the State Bar Court

16   recommendation, has any preclusive effect on the issues Levi raises.[80]  Under California law, res

17   judicata precludes parties or their privies from relitigating a cause of action finally resolved in a

18   prior proceeding.[81]  "Res judicata also includes the broader principle of collateral estoppel.

19   Collateral estoppel makes a party live with the decision in an earlier suit if that party raises the

---

20
21      [74] <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80  (1957).

22      [75] Rule 8(a)(2).

23      [76] <u>Twombly</u>, 127 S.Ct. at 1974 (emphasis added).

24      [77] <u>Id</u>. at 1966.

25      [78] FAC, p. 9:19-24; <u>see</u> Judge McElroy's Order, RJN, Exh 3, p. 8, fn. 4.

         [79] FAC, p. 7:2-13.
26
         [80] <u>See</u> <u>Gupta v. Thai Airways, Int'l, LTD</u>, 487 F.3d 759, 765 (9th Cir. 2007); <u>see</u> <u>also</u> 28
27   U.S.C. § 1738.

28      [81] <u>See</u> <u>People v. Barragan</u>, 32 Cal.4th 236, 252-53, 9 Cal.Rptr.3d 76 (2004).

**14**

1    same issue in two different lawsuits.  This conclusive determination applies only if the issue was

2    "necessarily decided" as part of the earlier suit.[82]  "Necessarily decided" means that the issue's

3    resolution cannot have been entirely unnecessary to the earlier suit's judgment.[83]  Finality and

4    judicial economy make courts reluctant to reopen a final judgment.[84]

5        Levi asks that this court revisit Judge McElroy's alleged conflict of interest.[85]  It is an

6    unavoidable inference that the California Supreme Court considered this issue when rejecting

7    Levi's petition for review because the basis for the denial of admission was his Second Failed

8    Application: 1) His moral character was litigated in the state proceeding; 2) he alleges Judge

9    McElroy tainted his moral character proceeding; and 3) the California Supreme Court affirmed

10    the refusal to certify moral character.[86]  That decision is final and on the merits, even without

11    oral argument or written decision.[87]

12        Levi claims that he has newly discovered information that Judge McElroy's interactions

13    were more extensive than was previously disclosed and that he would not have waived any

14    conflict if he had that knowledge.  This allegedly new information is not new "evidence" – it

15    does not impact any fact at issue in the underlying proceedings.  Nor has Levi demonstrated that

16    this information was not previously available to him.  Judge McElroy disclosed their connection:

17    Levi made the choice to waive the conflict.  And <u>Levi made the choice not to explore the matter</u>

18    <u>further:</u>  1) he could have followed up on the letter he purportedly sent to  Judge McElroy for

19

20

21        [82] <u>See</u> <u>Vandenberg v. Superior Court</u>, 21 Cal.4th 815, 828, 99 Cal.Rptr.2d 366 (1999).

22        [83] <u>Bostick v. Flex Equip. Co. Inc.</u>, 147 Cal.App.4th 80, 97 (2007) (internal quotations marks

23    omitted).

24        [84] <u>Los Angeles Airways, Inc. v. Hughs Tool Co.</u>, 95 Cal.App.3d 1, 6-7 (1979).

25        [85] Judge McElroy discussed the issue of her prior employment with Dean Keane in her

26    Hearing Department decision of March 18, 2004.  <u>See</u> Judge McElroy's Order, RJN, Exh 3, p. 8,
      fn. 4.

27        [86] Supreme Court Denial, Exh. 6.

28        [87] <u>In re Rose</u>, 22 Cal.4th at 446-48.

**15**

1   more information[88], 2) he could have asked for a continuance to consider the issue, or 3) he

2   could have simply not waived the conflict.[89]  Finally, even if this information constituted new

3   previously unavailable "evidence", collateral estoppel will still apply if the new evidence goes

4   only to the weight of the evidence that supports Levi.[90]  The alleged new information proffered

5   by Levi regarding Judge McElroy's interactions with Dean Keane has no impact on the weight of

6   the evidence at all.  The facts that support his denial for admission are strong, indisputable and

7   well supported by independent evidence.  Moreover, Levi does not allege that Judge McElroy

8   made any improper disclosures to Dean Keane related to his State Bar Court proceeding.  He

9   alleges only that Judge McElroy's personal interactions with Dean Keane was more extensive

10  than he originally believed and that they communicated about "personal issues."[91]  Accordingly,

11  Levi's purported new information concerning Judge McElroy's relationship with Dean Kean

12  does not defeat collateral estoppel.

13          Collateral estoppel likewise bars Levi's attempts to relitigate Abelson's alleged disclosure

14  of confidential information, his sexual harassment of a fellow law student and his ultimate

15  departure from Golden Gate University Law School, his alleged due process violations, and the

16  allegedly false information provided about his IRS matter.  Indeed, Levi raised most of these

17  these matters as points of contention in his petition for California Supreme Court review.  To the

18  extent he didn't, he had every opportunity to do so.  Nevertheless, the Court still denied his

19  petition.[92]  Hence, this Court should conclude that the doctrines of res judicata and collateral

20  estoppel bar Levi from the relitigating these issues.

21

22

23  _____

24  [88] FAC, p. 11:22-27.

25  [89] See Roos v. Red, 130 Cal.App.4th 870, 888 (2005).

26  [90] Id.

27  [91] FAC, p.11:10-14.

28  [92] Supreme Court Petition, RJN, Exh. 5, pp. 16-31.

1        3.        **Levi Fails to Allege a Federal Deprivation**

2        Many of Levi's allegations are conclusory and supported solely on "information and

3    belief."[93]  A complaint based on conclusory allegations generally does not meet the federal

4    pleading standard because, standing alone they are a danger sign that the plaintiff is engaged in a

5    fishing expedition.[94]  Levi's complaint also alleges a plethora of improper legal arguments and

6    conclusions.  Therefore, Levi fails to set forth discrete legal claims with "enough heft" to drag

7    the defendants past the pleading threshold.[95]

8        Second, Levi alleges that his due process rights were violated in various and sundry ways

9    in his Second Failed Application.  Specifically, he alleges that defendants State Bar, Malmquist

10   and Lawson overlooked the exculpatory nature of Abelson's purported disclosure of confidential

11   State Bar information about him[96] that Judge McElroy committed procedural errors by failing to

12   disqualify Dean Kean as Raymond's counsel[97] and failing to order completion of Raymond's

13   deposition, and that Judge McElroy failed to fully disclose her relationship with Dean Kean.[98]

14       State court determinations are entitled to "great deference" and recognition unless (1) the

15   state procedures failed to provide adequate notice and opportunity to be heard and (2) "the proof

16   of facts establishing the 'want of a fair private and professional character' were so infirm that the

17   court should not accept the state court's decision; or (3) some other grave reason existed that

18

19        [93] For example, the following allegations are prefaced with  "Plaintiff is informed and

20   believes" "Abelson, … disclosed confidential information pertaining to Plaintiff's case to Sara
     Raymond … (FAC, p. 4:8-11); "on August 15, 2000, Abelson met with Raymond at a burrito

21   store near GGU, and pressured and otherwise conspired with Raymond for Raymond to file a
     complaint against Plaintiff (FAC, p. 4:19-23); "Abelson also disclosed further information about

22   Plaintiff from his confidential filed at the State Bar…" (FAC, p. 4:23-27); "he will not be
     provided with a fair hearing before the State Bar" (FAC, p. 6:22-25) etc.

23
         [94] See DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55 (9th Cir. 1999)

24
         [95] See Twombly, 127 S.Ct. at 1966.

25
         [96] FAC, p. 6:25-7:2.

26
         [97] FAC, p. 9:3-7.

27

28       [98] Levi makes no specific allegations concerning defendant Judy Johnson and only one vague
     reference to defendant Debra Lawson (Complaint, p. 8:1).

**17**

1    should prevent the court from recognizing the state court's determination."[99]

2        Levi does not contend that his admission rejection was accomplished inconsistent with

3    the Bar's statutory scheme.  California's disciplinary process provides more than constitutionally

4    sufficient procedural due process.[100]  The State Bar's procedures for reviewing moral character

5    decisions is the same as its disciplinary process and is, therefore, similarly constitutionally

6    sufficient.  Levi is not entitled to be heard in a particular forum or pursuant to a particular

7    procedure.  Indeed, he was granted his constitutionally required opportunity to be heard "at a

8    meaningful time and in a meaningful manner", including Supreme Court review. [101]  Indeed,

9    California's rules provide that an unsuccessful applicant can petition the state supreme court for

10   review of the denial of his admission satisfies the requirements for due process.[102]  Clearly, Levi

11   was afforded more than adequate due process.

12       Levi's threadbare allegations of conflict and bias against Judge McElroy are nowhere

13   near sufficient to justify granting the extreme remedies he requests.  These allegations, even if

14   true, would not be enough to overcome the presumption of adjudicators' honesty and integrity.[103]

15   Levi has asserted only that he was unaware that Judge McElroy had more extensive personal

16   interactions with Dean Kean than he previously thought and that they had "personal"

17   conversations.[104]  He concedes, however, that he was aware of their prior ties.[105]  Nor can any

18   credence be given to Levi's conclusory allegations that Judge McElroy accepted an improper gift

---

[99] In re Rosenthal, 854 F.2d 1187, 1188 (9th Cir. 1988), quoting Selling v. Radford, 243 U.S. 46, 51, 37 S.Ct. 377 (1916).

[100] Hirsh, 67 F.3d at 713; Rosenthal, 910 F.2d at 564-565.

[101] Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) quoting Armstrong v Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

[102] Giannini, 911 F.2d at 357.

[103] Hirsh, 67 F.3d at 713, quoting Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir. 1992).

[104] FAC, p.11:10-13.

[105] FAC, p. 9:18-24.

1   from Dean Keane[106] or allegedly altered the record to conceal her purported misconduct.  These

2   assertions fall far short of establishing that Judge McElroy was anything other than even-handed

3   and  fair.  Nor does he specify how this purported conflict was so grave and prejudicial as to

4   require that (1) the entire State Bar be disqualified from considering some hypothetical third

5   moral character application or that (2) Judge McElroy's decision of March 8, 2004 be voided.

6        The rest of his alleged "due process" violations allegations are, in fact, substantively minor

7   and do not constitute the type of grave error that would prevent this Court from recognizing the

8   California Supreme Court's decision rejecting Levi's application for admission.[107]

9        **4.      Levi Fails to State a State Law Claim for Fraud.**

10       Levi appears to claim some kind of state common law fraud against Judge McElroy.  To

11  begin with, the Eleventh Amendment gives Judge McElroy immunity against such a claim.  Her

12  Eleventh Amendment immunity notwithstanding, Levi fails to allege sufficient information to

13  state a claim for fraud because he fails to allege several key factual elements.  Under California

14  law, a tort for fraud entail (a) misrepresentation (false representation, concealment, or

15  nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce

16  reliance; (d) justifiable reliance; and (e) resulting damage.[108]  Any state law claim for fraud Levi

17  attempts has the same factual and legal contagion as his meritless due process claim.  Levi has

18  made no factual allegation that would support any intent to mislead or defraud by Judge

19  McElroy.  In fact, her disclosure demonstrates Judge McElroy's good faith.  He jumps to the

20  conclusion that this additional information is the only possible reason for his second failed moral

21  character application, in complete abdication of any personal responsibility and steadfast refusal

22

23  _____

24       [106] FAC, p. 10:26-28.

25       [107]  Levi alleges that he was denied equal protection (FAC, p.2:12-13) and that defendants are
26  biased against him because of his national origin, political and religious views (FAC, p. 7:16-19),
    but he makes no specific allegations to support this claim.

27       [108] Cal. Civil Code, § 1709; see also Goehring v. Chapman Univ., 121 Cal.App.4th 353, 17
    Cal.Rptr.3d 39 (4th Dist. 2004), citing Small v. Fritz Co., Inc., 30 Cal.4th 167, 173, 132
28  Cal.Rptr.3d 490 (2003).

Memo of Ps &As in Support of Defs' Motion to Dismiss 1st Amended Compl.              07-04378 MHP

1    to acknowledge the impact of his own actions on his failed applications.  Without an allegation

2    of how this additional information caused Levi harm, Levi has no actionable fraud claim.[109]

3    **5.    Levi's Request for Injunctive Relief Is Improper and Should Be Denied**

4    Levi's requests that the Court issue two extraordinary orders: (1) an order disqualifying

5    the State Bar from processing his moral character application and directing that another state

6    agency accomplish this task and (2) an order nullifying Judge McElroy's decision, filed March

7    18, 2004, recommending that Levi not be certified for admission. Both requests are improper, to

8    say the least, and should be denied.

9    Granting Levi's first claim for injunctive relief would improperly truncate the State Bar's

10    role as the California Supreme Court's administrative arm and seriously impede its ability to

11    fulfill its statutory obligations.  It would also, not surprisingly, give Levi a free pass from State

12    Bar oversight of his admissions application.  "[A]ny injunction regarding governmental functions

13    is generally only permitted in extraordinary circumstances … as officials should be given the

14    widest latitude possible while performing their official duties."[110]  Levi has presented no well-

15    pleaded facts to support such an ostentatious request.

16    Levi's allegations in his Complaint crumble under the weight of the extraordinary

17    injunctive relief he seeks.  Levi has not alleged (and cannot allege) that any one of the defendants

18    have the authority to rearrange the three branches of government by transferring a judicial

19    function –attorney admissions – to the executive or legislative branch.  Nor are defendants aware

20    of any authority that would allow this Court to order an arm of the California Supreme Court to

21    recuse itself from an attorney admissions proceeding and also order a wholly unrelated

22    California administrative agency (part of California's executive branch) to perform the State

23    Bar's functions.  Yet that is the relief Levi brashly seeks.

24    As to his second claim for injunctive relief, this request for retroactive equitable relief is

25    void under the Eleventh Amendment.  Under Rooker-Feldman, this court cannot vacate Judge

26

27    [109] Goehring, 121 Cal.App.4th at 364.

28    [110] Olagues v. Russoniello, 770 F.2d 791, 799 (9th Cir. 1985) (internal quotations omitted).

McElroy's decision without vaporizing California Supreme Court's final decision as well. Moreover, the only basis for this request is his claim that Judge McElroy did not disclose some superfluous information about mundane details of her interactions with Dean Keane.  Injunctive relief is awarded only if there is a showing of inadequate remedies at law and of serious risk of irreparable harm.[111]  Paltry and specious allegations are wholly insufficient to form the basis of such extreme  injunctive relief.[112]

### IV.    CONCLUSION

For each of the foregoing reasons, State Bar defendants respectfully request that the Court grant the motion to dismiss without leave to amend. Dismissal without leave to amend is appropriate in this case as amendment is futile.[113]

Dated:  October 4, 2007                                Respectfully submitted,

                                MARIE M. MOFFAT
                                LAWRENCE C. YEE
                                MARK TORRES-GIL
                                DANIELLE LEE

                                JAMES M. WAGSTAFFE
                                MICHAEL VON LOEWENFELDT


                                By:___s/Mark Torres-Gil_____
                                        Mark Torres-Gil

                                Attorneys for Defendants The State Bar
                                Of California, Judy Johnson, Debra Lawson,
                                Patrice McElroy, State Bar Court, Committee
                                Of Bar Examiners, Allen Malmquist

---

[111] See Pulliam v. Allen, 466 U.S. 522, 537, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

[112] All defendants are also entitled to various immunities from damages claims, including without limitation, Eleventh Amendment immunity, absolute judicial immunity (for Judge McElroy) or quasi-judicial immunity. Because Levi does not request damages, these immunities are not briefed but are expressly reserved.

[113] See Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (futility justifies denial of leave to amend); see also Miller v. Rykoff – Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1998) (amendment is futile if no set of facts can be proven under the amendment that would constitute a valid claim or defense.)

PROOF OF SERVICE BY MAIL

I, Joan Sundt, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On October 4, 2007, following ordinary business practice, I placed for collection for mailing at the offices of the State Bar of California, 180 Howard Street, San Francisco, California 94105, one copy of Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint fully prepaid in an envelope addressed as follows:

> Simon Levi
> 25-A Crescent Drive, #351
> Pleasant Hill, CA  94523

I am readily familiar with the State Bar of California's practice for collection and processing correspondence for mailing with the U.S. Postal Service and, in the ordinary course of business, the correspondence would be deposited with the U.S. postal mail service on the day on which it is collected at the business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California this 4th day of October, 2007.


_____s/Joan Sundt_____