1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS, State Bar No. 90294
   Supervising Deputy Attorney General
3   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
4   Telephone:  (415) 703-5520
   Fax:  (415) 703-5480
5   Email:  Paul.Hammerness@doj.ca.gov

6  Attorneys for State Judicial Defendants

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO  DIVISION

11

| | |
|---|---|
| **SIMON LEVI,** | **Case No.  C 07-04378-MHP** |
| Plaintiff, | **STATE JUDICIAL DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| **STATE BAR OF CALIFORNIA, et al.,** | |
| Defendants. | **Date:  December 17, 2007**<br>**Time:  2:00 p.m.**<br>**Crtrm:  15, 18th Floor**<br>**Judge:  Hon. Marilyn H. Patel** |

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that on December 17, 2007,  at 2:00 p.m., or as soon as thereafter

22  as the matter may be heard before the Honorable Marilyn H. Patel, United States District Judge,

23  defendants Chief Justice Ronald George and Associate Justices Joyce L. Kennard, Kathryn

24  Mickle Werdegar, Ming W. Chin, Marvin R. Baxter, Carol A. Corrigan and Carlos R. Moreno,

25  hereinafter the "State Judicial Defendants" will move the Court to dismiss this action pursuant to

26  Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that:

27       1.  The First Amended Complaint fails to state a claim against the moving parties upon

28  which relief can be granted, in that:

State Jud. Defts' NOM; MTD; Memo. of Ps. & As.                    Levi v. State Bar of California, et al.
                                                                              C 07-04378-MHP

1     a.  The claims against the State Judicial Defendants are barred by absolute judicial

2 immunity;

3     b.  The claims against the State Judicial Defendants are barred by the Eleventh

4 Amendment to the United States Constitution.

5     c.  The claims against the State Judicial Defendants are barred pursuant to the Rooker-

6 Feldman doctrine, which holds that the federal district courts lacks jurisdiction to

7 review state court judgments.

8     Wherefore, the State Judicial Defendants pray that the motion to dismiss be granted and the

9 Complaint be dismissed with prejudice.

10     This motion is and shall be based upon this notice of motion and motion to dismiss, the

11 accompanying memorandum of points and authorities, the pleadings and papers on file herein,

12 and such and written material as may be presented at the hearing of this motion.

13     Dated:  November 9, 2007.

14       Respectfully submitted,

15       EDMUND G. BROWN JR.
Attorney General of the State of California

16

17

18        s/Paul T. Hammerness
PAUL T. HAMMERNESS
Supervising Deputy Attorney General

19

20       Attorneys for State Judicial Defendants

21

22

23

24

25

26

27

28

State Jud. Defts' NOM; MTD; Memo. of Ps. & As.    Levi v. State Bar of California, et al.
C 07-04378-MHP

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

**a.     Nature of this Action; Plaintiff's Claims.**

This is an action for injunctive relief brought by *pro per* plaintiff Levi against a collection of State public entities and officials responsible for denying him entrance to the California State Bar, including the State Judicial Defendants herein; Chief Justice Ronald George of the California Supreme Court, and Associate Justices Joyce Kennard, Kathryn Werdegar, Ming Chin, Marvin Baxter, Carol Corrigan and Carlos R. Moreno.[1]

As memorialized in the State Bar defendants' submittals, and reflected in the allegations of the plaintiff's first amended complaint, plaintiff is a law graduate who has repeatedly been denied admittance to the California State Bar, on grounds of lack of moral character.  By this action, which alleges claims for violation of due process and equal protection pursuant to 42 U.S.C. § 1983, he seeks to have this Court disqualify the State Bar of California from considering his admittance and nullifying the Supreme Court's decision denying him admittance to the Bar.  Other than by alleging, in wholly-conclusory terms, that he has been denied his due process and equal protection rights by virtue of alleged bias of a state hearing officer who considered his application, no particularized allegations supporting a civil rights violation are set out in the First Amended Complaint.  (FAC, ¶¶ 21-31).

**a.     Grounds for this Motion.**

The allegations of the first amended complaint assert claims against the Chief Justice and Associate Justices of the California Supreme Court for actions taken in their judicial capacities. Consequently, the provisions of judicial immunity and of Eleventh Amendment immunity bar this action as to the State Judicial Defendants.  Moreover, to the extent that plaintiff requests this Court to review and nullify the rulings of the Supreme Court Justices as to his Bar admittance application, this action is barred under the Rooker-Feldman doctrine.

---

1.  The Supreme Court and its Justices were added as defendants in the plaintiff's first amended complaint.  Plaintiff has stated that he intends to dismiss the Court, but not its Justices, voluntarily.

State Jud. Defts' NOM; MTD; Memo. of Ps. & As.                    Levi v. State Bar of California, et al.
                                                                  C 07-04378-MHP

3

1

**ARGUMENT**

2

**I**

3

**THE CLAIMS AGAINST THE State Judicial Defendants ARE
BARRED BY ABSOLUTE IMMUNITY**

4

5     The United States Supreme Court long ago established the rule that judges are immune

6    from civil suits arising out of the exercise of their judicial functions.  *Mireles v. Waco*, 502 U.S.

7    9 (1991); *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Indeed, "it is a general principle of the

8    highest importance to the proper administration of justice that a judicial officer, in exercising the

9    authority vested in him, shall be free to act upon his own conviction, without  apprehension of

10   personal consequences to himself."  *Bradley v. Fisher*, 80 U.S. 335, 346 (1872).

11       The allegations of the first amended complaint clearly challenge the issuance of allegedly-

12   improper orders against plaintiff by the California Supreme Court and its Justices, thus, showing

13   that the challenged conduct was strictly judicial in nature.  (FAC, ¶¶ 7-29).  *Crooks v. Maynard*,

14   913 F.2d 699, 700 (9th Cir. 1990); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (bar

15   decisions are judicial in nature).  As such, the alleged misconduct falls squarely within the ambit

16   of the protection of judicial immunity, despite plaintiff's protestations that they were the product

17   of bias or were allegedly in violation of his equal protection and due process rights.

18       As stated by the Supreme Court in *Pierson v. Ray, supra*, 386 U.S. at 554:

19            "Few doctrines were more solidly established at common law than the
             immunity of judges from liability for damages for acts committed within

20           their judicial jurisdiction, as this Court recognized when it adopted the
             doctrine, in *Bradley v. Fisher*, 13 Wall. 335 (1872).  This immunity applies

21           even when the judge is accused of acting maliciously and corruptly, and it 'is
             not for the protection or benefit of a malicious or corrupt judge, but for the

22           benefit of the public, whose interest it is that the judges should be at liberty
             to exercise their functions with independence and without fear of

23           consequences.'  (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in
             *Bradley v. Fisher, supra,* 349, note, at 350).  It is a judge's duty to decide all

24           cases within his jurisdiction that are brought before him, including
             controversial cases that arouse the most intense feelings in the litigants.  His

25           errors be corrected on appeal, but he should not have to fear that unsatisfied
             litigants may hound him with litigation charging malice or corruption.

26           Imposing such a burden on judges would contribute not to principled and
             fearless decision-making but to intimidation."

27

28   ///

State Jud. Defts' NOM; MTD; Memo. of Ps. & As.                          Levi v. State Bar of California, et al.
                                                                        C 07-04378-MHP

1    All of the actions complained of were within the defendants' jurisdiction.  "Jurisdiction is

2    construed broadly where the issue is the immunity of a judge."  *Crooks, supra,* 913 F2d. at 701.

3    Where, as here, the Justices are sued for performing judicial acts and they did not act in the

4    "clear absence of jurisdiction," the absolute immunity applies.  *Stump v. Sparkman*, 453 U.S.

5    349, 356-57 (1978); *Schucker v. Rockwood*, 846 F.2d 1202, 1203 (9th Cir.); *cert. denied*, 488

6    U.S. 995 (1988) (even acts performed in "excess" of judicial authority do not deprive judges of

7    immunity).

8    It is well-established in the Ninth Circuit that absolute immunity applies regardless of

9    whether the plaintiff seeks damages, declaratory or injunctive relief.  *Mullis v. United States*

10   *Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988).  In

11   *Mullis*, the Ninth Circuit stated that "when a person who is alleged to have caused a deprivation

12   of constitutional rights while acting under color of federal law can successfully assert judicial

13   immunity from damages, that immunity also will bar declaratory and injunctive relief."  *Id*. at

14   1394.

15   For these reasons, all of plaintiff's claims against the State Judicial Defendants are clearly

16   barred by absolute immunity.

17                                           **II**

18   **FEDERAL COURT JURISDICTION OVER THE CLAIMS**
     **AGAINST THE STATE JUDICIAL DEFENDANTS IS**
19   **BARRED BY THE ELEVENTH AMENDMENT**

20   The Eleventh Amendment provides:

21        "[T]he judicial power of the United States shall not be construed to extend to
          any suit in law or equity, commenced or prosecuted against one of the
22        United States by citizens of another state . . ."

23   U.S. Const. Amend. XI.  The Eleventh Amendment bars suits which seek either damages or

24   injunctive relief against a state, an arm of the state, is instrumentalities or its agencies.  *Durning*

25   *v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991).  It is well-established law that state

26   court judges act as arms of the State, and are entitled to Eleventh Amendment immunity when,

27   as here, they are sued in their official capacity.  *Franchesi v. Schwartz*, 57 F.3d 828, 830-31 (9th

28   Cir. 1994); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.

State Jud. Defts' NOM; MTD; Memo. of Ps. & As.                    Levi v. State Bar of California, et al.
                                                                 C 07-04378-MHP

5

1987).

The allegations of the complaint clearly show that the Chief Justice and Associate Justices of the California Supreme Court are being sued in their official capacity - so they are entitled to assert the Eleventh Amendment immunity. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).

### III

**THIS COURT LACKS JURISDICTION TO REVIEW
STATE COURT JUDGMENTS OR ORDERS DUE TO THE
ROOKER-FELDMAN DOCTRINE**

The federal district court lacks jurisdiction to review state court judgments. *Allah v. Superior Court of the State of California*, 871 F.2d 887, 890-91 (9th Cir. 1989); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). Plaintiff's prayer requests this Court to, in effect, reverse the prior state court ruling pertaining to his previous case. Such a request violates the basic precept that federal district courts are courts of limited original jurisdiction; they may not serve as appellate tribunals to review the errors allegedly committed by the state courts. *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 389 U.S. 281, 296 (1970). A federal court has no jurisdiction over issues that are "inextricably intertwined" with allegations underlying the judgment of a state court. *Feldman, supra*, 460 U.S. at 486-87.

The doctrine that district courts have no authority to review final determination of state courts judicial proceedings "applies even when the challenge to the state court decision involves constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). This is because state courts are as competent as federal courts to decide constitutional issues. *Id.; see also Huffman v. Pursue Ltd.*, 420 U.S. 592, 611 (1975) – rejecting the argument that state judges will not be faithful to their constitutional responsibilities.

This rule is well-established. *Rooker, supra*, 263 U.S. at 416 (federal district court lacks jurisdiction to review allegations that state judgment was rendered in violation of due process, equal protection and contract clause of federal constitution); *Feldman, supra*, 460 U.S. at 486-87 (federal district court lacks jurisdiction to review claim that Court of Appeals acted arbitrarily, capriciously, unreasonably or discriminatorily in denying petitions for waiver of bar admission

State Jud. Defts' NOM; MTD; Memo. of Ps. & As.                    Levi v. State Bar of California, et al.
C 07-04378-MHP

6

1  rule).

2      Under this rule, known as the Rooker-Feldman doctrine, while parties may appeal state

3  court decisions to the State's highest court, and then to the United States Supreme Court if a

4  federal constitutional issue question is presented, "horizontal" review of a state court decision in

5  federal court is unavailable.  *Rooker, supra*, 263 U.S. at 416; *see also, Mackey v.Pfeil*, 827 F.2d

6  540, 543 (9th Cir. 1987) (federal district courts "may not serve as appellate tribunals to review

7  errors allegedly committed by state courts").

8      This doctrine is applicable herein, as plaintiff seeks to attack the decisions of the California

9  Supreme Court as well as the Justices themselves, and bars the claims against the State Judicial

10  Defendants.

11                              **CONCLUSION**

12      For the foregoing reasons, defendants Chief Justice Ronald George and Associate Justices

13  Joyce L. Kennard, Kathryn Mickle Werdegar, Ming W. Chin, Marvin R. Baxter, Carol A.

14  Corrigan and Carlos R. Moreno respectfully request that the motion to dismiss be granted with

15  prejudice.

16          Dated:  November 9, 2007.

17                          Respectfully submitted,

18                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

19

20

21           s/Paul T. Hammerness
                            PAUL T. HAMMERNESS
22                          Supervising Deputy Attorney General

23                          Attorneys for State Judicial Defendants

24

25  40185088.wpd
     SF2007402918

26

27

28

State Jud. Defts' NOM; MTD; Memo. of Ps. & As.                    Levi v. State Bar of California, et al.
                                                                  C 07-04378-MHP

7