Simon Levi
25-A Crescent Dr. #351
Pleasant Hill, CA 94523
(925) 286-3462

Plaintiff, In Pro Per

FILED
07 NOV 26 PM 3:01
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Simon Levi, | Case No. 2007 CV-04378 MHP |
| Plaintiff(s), | Hearing Date: December 17, 2007<br>Hearing Time: 2:00 pm |
| v. | Department: 18 |
| Judy Johnson, Debra Lawson, Patrice McElroy, Allen Malmquist, Chief Justice Ronald M. George Associate Justice Carlos R. Moreno, Associate Justice Joyce L. Kennard, Associate Justice Kathryn Mickle Werdegar, Associate Justice Ming W. Chin, Associate Justice Marvin R. Baxter, Associate Justice Carol A. Corrigan, and Does 1 – 50, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS.** |
| Defendant(s). | |

This opposition is submitted in response to the Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") filed by the State Bar[1] defendants and the California Supreme Court Justices.

## I. Legal Standard Re: Motion to Dismiss

The primary objective of the legal system is to obtain a determination on the merits rather than a dismissal based on pleadings. Accordingly, motions to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), are generally viewed with disfavor. The United States Supreme Court has held that a complaint should not be dismissed unless it appears "beyond doubt" that plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41 (1957).

Thus, the question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether he is entitled to offer evidence in support of his claims. In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Moreover, even if the face of the pleadings indicates that the chance of recovery is remote, the Court must still allow the plaintiff to develop his case at this stage of the proceedings. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no

---

[1] The California Supreme Court, the State Bar of California, the Committee of Bar Examiners, and the State Bar Court were already dismissed from the case.

set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).

In the instant matter, Plaintiff's First Amended Complaint ("FAC") contains two parts: Part one seeks an injunction recusing State Bar employees from handling Plaintiff's application; the second part of the FAC addresses the grave misconduct committed by Peter Keane who did not disclose his relationship with McElroy, and the misconduct committed by defendant Patrice McElroy ("McElroy") when she allegedly received a gift from counsel who appeared in the case. And, when she failed to disclose to Plaintiff the extent of her relationship with said counsel (Peter Keane). For purposes of simplicity, this opposition brief will be also divided into two parts.

## II. Analysis -- Part 1 of Plaintiff's FAC

In Part 1 of the FAC, Plaintiff requests that the State Bar and its employees be disqualified based on: a) a conflict of interest; b) the fact that State Bar employees falsely fabricated that Plaintiff owed the IRS $20,000; c) allegations that Defendants have animosity toward Plaintiff because of his national origin; and, d) Defendants' unwillingness to abide by California Business and Professions Code section 6060.2, which provides for confidentiality of an Applicant's proceedings and other constitutional violations.

### a. *Lack of standing/ripeness*

In their Motion, Defendants contend that Plaintiff did not allege that he has an application currently pending with the State Bar, such that the case is not yet "ripe" for review. A cursory reading of Page 7 of the FAC shows that Plaintiff included a footnote which states as follows: "Recently Plaintiff was informed by Yolanda, a State Bar employee, that Malmquist is the investigator who was assigned to his new case." Obviously, Plaintiff has an application pending and this case is therefore ripe for review. Moreover, it would have been nonsensical for Plaintiff to file this suit and request the

2  Plaintiff's Opposition to Motion to Dismiss/
Case No. 2007 CV-04378 MHP

relief sought if he did not intend to apply or did not have an application pending. In any event, it is respectfully requested that the Court allow Plaintiff the opportunity to amend the FAC to correct the minor oversight of failing to specifically state that an application is pending.

### b. *Eleventh Amendment Immunity*[2]

Plaintiff concedes, as Defendants correctly stated in their Motion, that courts have held that State Bar employees have Eleventh Amendment immunity from suits filed against them in their official capacities for monetary damages and other retroactive relief. Here, however, as Defendants also correctly stated in their Motion, Plaintiff is suing Defendants Johnson, Malmquist and Lawson for *prospective* relief for which there is no Eleventh Amendment immunity. Rather, for prospective relief, a state official acting in his or her official capacity may be sued because the Eleventh Amendment's prohibition does not extend to prospective, non-monetary injunctive or declaratory relief against state officials. *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Fisher Foods, Inc. v. Ohio Dept. of Liquor Control*, 555 F. Supp. 641, 648 (N.D. Ohio 1982). *See also Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992); *Edelman v. Jordan*, 415 U.S. 651, 664 (1974) for the proposition that the Eleventh Amendment does not bar a request for prospective injunctive relief against a state official in his or her official capacity in order to end a continuing violation of federal law.

Accordingly, Plaintiff's first cause of action against Defendants Lawson, Malmquist and Johnson (set forth in Part One of the FAC) should not be dismissed and Defendants' Motion should be denied.

### c. *Res Judicata and Collateral Estoppel*[3]

Contrary to various misrepresentations in Defendants' Motion, Plaintiff does

---

[2] It should be mentioned that the State Bar of California, State Bar Court, California Supreme Court and the Committee of Bar Examiners were already dismissed from the case by Plaintiff.

[3] The issue regarding res judicata/collateral estoppel regarding the unlawful gift given to Defendant McElroy will be discuss in the second part of this brief.

not seek to re-litigate any suits, nor is he attempting to re-litigate any issue. The issue regarding the fabrication that Plaintiff owed the IRS $20,000 was never adjudicated by any court (state, federal, or State Bar Court). Defendants throw this allegation in the mix at page 14:5-13 (listed as number 5), apparently in the hope that it would go unnoticed if jumbled in with a number of other matters. Likewise, Plaintiff does not wish to re-litigate anything concerning the violation of Section 6060.2 concerning Rachel Abelson, the clerk who worked on Plaintiff's file while employed by the State Bar and who violated Plaintiff's confidentiality, or any other findings – if he did wish to revisit these issues, Abelson would also have been named a defendant in this case.

Simply put, and as is made clear in the FAC, Plaintiff wishes to recuse State Bar officials from processing his application for a number reasons, including a conflict of interest arising from having State Bar employees investigate the merits of a suit in which the State Bar and State Bar employees were defendants, and in which the Honorable Judge Warren, among other things, made findings that Abelson communicated in a "very gossipy" fashion about Plaintiff. Plaintiff also seeks the State Bar's recusal because its employees have shown a continued unwillingness to abide by Section 6060.2, which mandates that application proceedings should be confidential. In fact, it is the State Bar employees' position that Plaintiff waived confidentiality, and they will not stipulate to the contrary to provide Plaintiff with some reassurance that they will not continue to violate his confidentiality rights.

Anyone reviewing the facts of Plaintiff's dispute with Defendants can simply ask themselves how they would feel if they were denied admission based, in part, on an unfounded and untrue allegation that they owe the IRS $20,000. Any such person would be shocked! Moreover, how would they feel if information about them that is supposed to remain confidential, by statute, was on several occasions made public and distributed to various individuals intentionally, while the very persons who violated the right to

confidentiality have a disinterested attitude about it? Any person faced with these facts would be concerned about their ability to get a fair hearing in front of the State Bar, and would not want the employees of the State bar to handle their application. That is the situation Plaintiff finds himself in, and for these reasons has sought to recuse the State Bar Defendants from processing his application, and have a different state agency or a different entity handle the application for moral character. It should be noted that Plaintiff does not request that this court order that he will be admitted, nor that he possesses good moral character.

From a cursory reading of the FAC, one can deduce that Plaintiff never had a full and fair opportunity to litigate the matter concerning the money he was falsely accused of owing to the IRS. The FAC shows that the first time Plaintiff heard about that charge was during a hearing with the sub-Committee when he was confronted with that false allegation. The State Bar investigator never indicated to him in advance, as he was required, what would be discussed during that meeting and what issues are going to be considered. Under such circumstances, courts have held that collateral estoppel is inapplicable because a party did not have a "full and fair opportunity to litigate" the issue. Moreover, as mentioned above, this issue of the money owed to the IRS was never ruled upon on by any Court (federal, state or State Bar Court), such that these doctrines are inapplicable anyway.

### III.     Analysis – Part 2 of Plaintiff's FAC

This section deals with Part 2 of the FAC, in which Plaintiff seeks to invalidate the Decision issued by the State Bar Court and ratified by the California Supreme Court.

    *a.*     *Rooker-Feldman Doctrine*

Defendants contend that the second part of the FAC (concerning the grave misconduct committed by Peter Keane and Defendant McElroy regarding the alleged

5     Plaintiff's Opposition to Motion to Dismiss/
Case No. 2007 CV-04378 MHP

bribery she received from Peter Keane, who made an appearance as counsel in Plaintiff State Bar Court case representing an adverse witness) must be dismissed based on the Rooker-Feldman Doctrine. They are mistaken as 1) the Rooker-Feldman doctrine does not apply and 2) there is an exception to that doctrine known as the "Extrinsic Fraud" exception.

### 1. The Rooker-Feldman Doctrine Does Not Apply To This Case.

Generally speaking, the Rooker-Feldman Doctrine provides that a federal court should not entertain an action brought by a "state court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See generally, Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005).

Thus, for example, if Plaintiff had complained that the State Bar Court judges and the California Supreme Court committed legal errors in deciding a certain issue (i.e., that chewing gum in a courtroom constitutes an act of moral turpitude), and then after the decision was issued Plaintiff advanced an action in federal court claiming the State Bar Court and the California Supreme Court committed legal errors such that their decisions should be reversed, then Plaintiff concedes that under those circumstances the "Rooker-Feldman" doctrine would bar federal review.

The Ninth Circuit has stated the general rule for determining whether the Rooker-Feldman Doctrine is applicable: "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). (Emphasis added) Here, Plaintiff complains of

6 Plaintiff's Opposition to Motion to Dismiss/
Case No. 2007 CV-04378 MHP

a wrong committed by Mr. Peter Keane who allegedly bribed Judge McElroy, not wrong committed by the justices in reaching conclusions regarding this case.

Moreover, the FAC maintains that both McElroy and Keane wronged and defrauded Plaintiff when they did not disclose their true relationship, and when McElroy accepted as a gift a trip to China from Keane. As such, even setting aside McElroy and the justices of the Supreme Court, the fraud and legal wrongs committed by Mr. Peter Keane is enough of an injury to Plaintiff to overcome the application of this doctrine — as **Plaintiff is complaining about the legal wrongs committed by Mr. Peter Keane by allegedly bribing McElroy and not disclosing his true relationship with her, and not by legal errors committed by the Supreme Court Justices.** The end result, however, is that the justices needed to be named as defendants as they ratify the decision issued by McElroy. Moreover, it should be mentioned that the Ninth Circuit has decided that the fact that Plaintiff seeks to set aside state court judgment does not necessarily mean that the Rooker-Feldman Doctrine apply. See Generally *Maldondano v. Harris*, 370 F.3d 945 (9th Cir. 2004). As such, the Rooker-Feldman Doctrine does not apply.

2. There is an exception to the Rooker-Feldman Doctrine

Very similar to the above, it should be noted that in *Kougasian V. TMSL*, 359 F3d 1136 the Ninth Circuit carved out an "extrinsic fraud" exception to the Rooker-Feldman Doctrine. In this case, the FAC contain allegations that Peter Keane committed fraud on Plaintiff. If, as defendants allege, this Court finds that Plaintiff did not allege all the elements of fraud, Plaintiff respectfully requests that he will be given a leave to amend to specifically allege the elements of fraud to defendants' satisfaction. (It is Plaintiff's opinion that the "Extrinsic Fraud" exception is merely one example of any "legal wrong or an allegedly illegal act or omission by an adverse party" as explained in " *Noel v.*

*Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) that will prevent the application of the Rooker-Feldman doctrine.

### b.   *Eleventh Amendment Immunity re: State Officials*

Generally, state judicial officers have absolute immunity as far as money damages are concerned. However, the Eleventh Amendment does not bar a request for *prospective injunctive relief* against a state official in his or her official capacity in order to end a continuing violation of federal law. *See Pena, supra,* 976 F.2d at 472, n.5; *Edelman, supra,* 415 U.S. at 664. Because that is the type of relief sought by Plaintiff in this action, the Eleventh Amendment does not bar Plaintiff's claims.

### c.   *Judicial Immunity*

Plaintiff urges this Court to adopt the position that there is no judicial immunity for state judicial officers with respect to prospective equitable relief. This doctrine has been approved by the United States Supreme Court in *Pulliam v. Allen*, 466 U.S. 522 (1984), in which the Court held that judicial immunity does not insulate state judges from claims for equitable relief under 42 U.S.C. section 1983.

Plaintiff sued the Justices of the California Supreme Court as a mere technicality as it is the California Supreme Court itself that adopted the findings of the State Bar Court, and made them final. Plaintiff's main charge is against Defendant McElroy because she allegedly received an improper gift from Peter Keane, who appeared as counsel in Plaintiff's hearing in front of Defendant McElroy. Plaintiff contends that Defendant McElroy received said gift (a trip to China) from Peter Keane in an attempt to influence her various rulings and decisions.

In their Motion to Dismiss, the Justices, represented by the Office of the Attorney General, rely heavily on the case of *Mullis v. United States Bankruptcy Court*, 828 F. 2d 1385 (9th Cir. 1987). Simply put, that case does not apply to the current

circumstances. The two main distinctions are that the *Mullis* case 1) applies to "*Bivens*" actions and 2) relates to actions against federal judicial officers.

Specifically, in that case, the court ruled that the judicial immunity available to "federal officers" is not limited to immunity from damages, but also extends to equitable relief. The rationale behind the Ninth Circuit's decision is that it wanted to prevent the potential for "horizontal appeal" by one federal court against another, as well as the potential of "reverse review" of a ruling of the court of appeals by a district court. *Id.* at 1392-93. The court determined that such collateral attacks on the judgments, orders, decrees or decisions of *federal courts* are improper. *Id.*

Here, in the current case, Defendants McElroy and the California Supreme Court Justices are not federal judicial officers; moreover, Plaintiff's second cause of action in Part 2 of the FAC is not a *Bivens* claim. There is no risk of horizontal appeal or reverse review in this matter. Accordingly, the holding of *Mullis* is not applicable, and Defendants are not entitled to judicial immunity because, as in *Pulliam*, Plaintiff is seeking prospective equitable relief.

As such, Plaintiff urges this Court to adopt the rational in *Pulliam*, and apply it to this case

    d.  *Res Judicata/Collateral Estoppel*

In their Motion, Defendants claim that the second part of the FAC (which deals with the issue concerning the gift to Defendant McElroy) should be barred by principles of res judicata and collateral estoppel. This notion is unfounded for various reasons.

First, these arguments fail based on timing. The FAC showes that Plaintiff only learned about the fact that Defendant McElroy received a gift in the form of a trip to China *after* his case was already with the Review Department. As such, Plaintiff never had an opportunity to fully litigate and explore this issue, as required by the principles of res judicata and collateral estoppel. Moreover, as mentioned in the FAC, only recently –

in fact, after the Review Department issued a final ruling which was ratified by the California Supreme Court – did Plaintiff discover more evidence concerning the friendship between Keane and Defendant McElroy, including further evidence concerning the trip and information that contradicts Keane's previous statements about that topic.

By way of example, assume that in this case during the case management conference, the Honorable Judge Patel will disclose to Plaintiff that 10 years ago she worked with Mr. Wagstaffe on a project for the Rutter Group. Plaintiff will probably waive any potential conflict and think nothing of it. What if, however, when the case has wrapped up in District Court and finds its way to the Ninth Circuit, and while it is pending there, Plaintiff discovers that at the time the case was still pending before Judge Patel, she met with Mr. Wagstaffe on a daily basis at Morton's Steakhouse for lunch (paid for by Mr. Wagstaffe), and that Mr. Wagstaffe asked her to join him on a trip, all expenses paid, to New Zealand, which she accepted and which trip they took together with a group. Plaintiff would immediately inform the Ninth Circuit, and request that the case be sent back for further proceedings concerning the lunches and trip to New Zealand.

But assume the Ninth Circuit refuses, claiming that there is not enough evidence of impropriety. No one would be able to successfully claim that the Ninth Circuit's ruling that there is not enough evidence for a reversal should be held to operate as collateral estoppel or res judicata because Plaintiff never had a fair chance to litigate and develop that issue. As discussed above, it is well established that collateral estoppel is inapplicable when the claimant did not have a full and fair opportunity to litigate the issue decided by the other court. As such, it would be unfair to hold Plaintiff to an issue decided when the case was with the Review Department of the State Bar Court because he did not have a "full and fair opportunity" to address this later-learned information.

Moreover, in the current case concerning Defendant McElroy, Plaintiff, as alleged in the FAC, discovered even further evidence concerning that issue that the California Supreme Court never ruled on.

### IV. Conclusion

Wherefore, for the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion in its entirety. Or, in the alternative, provide a leave to amend.

Respectfully submitted,

November 26, 2007

                                               Simon Levi
                                               In pro per

11   Plaintiff's Opposition to Motion to Dismiss/
Case No. 2007 CV-04378 MHP

## PROOF OF SERVICE

I reside in the City of Pleasant Hill, am over the age of 18 years, and am a party to the action described in the attached documents.

My business address is 25-A Crescent Dr. #351, Pleasant Hill 94523. On this date, I personally served The Office of General Counsel (Mr. Gil Torres) at 180 Howard St., San Francisco, CA, 94105, and Kerr & Wagstaffe LLP (Mr. James Wagstaffe) at 100 Spear St., Suite 1800, San Francisco, CA 94105, Mr. Paul Hammerness, Office of the Attorney General at 455 golden Gate Ave, Suite 11000, San Francisco CA 94102 with the following documents:

1. PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS.

2. Plaintiff's Administrative Motions To: 1. Appoint an attorney 2. Seal court records 3. Order defendants to file documents seal 4. Rename and as proceed as John Doe; 5. To authorize E-Filing

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 26, 2007, at San Francisco, California.

_____
Simon Levi