| | |
|---|---|
| 1 | MARIE M. MOFFAT (62167) |
|   | LAWRENCE C. YEE (84208) |
| 2 | MARK TORRES-GIL (91597) |
|   | DANIELLA A. LEE (223675) |
| 3 | **STATE BAR OF CALIFORNIA** |
|   | **OFFICE OF GENERAL COUNSEL** |
| 4 | 180 Howard Street |
|   | San Francisco, CA 94105-1639 |
| 5 | Telephone: (415) 538-2012 |
|   | Fax: (415) 538-2321 |
| 6 | Email: mark.torresgil@calbar.ca.gov |
| 7 | JAMES M. WAGSTAFFE (95535) |
|   | MICHAEL VON LOEWENFELDT (178665) |
| 8 | CHEROKEE D.M. MELTON (243265) |
|   | **KERR & WAGSTAFFE LLP** |
| 9 | 100 Spear Street, Suite 1800 |
|   | San Francisco, CA 94105–1528 |
| 10 | Telephone: (415) 371-8500 |
|   | Fax: (415) 371-0500 |
| 11 | Email: mvl@kerrwagstaffe.com |
| 12 | Attorneys for Defendants |
|   | Judy Johnson, Debra Lawson, Patrice McElroy, and |
| 13 | Allen Malmquist |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SIMON LEVI, | Case No. C-07-4378-MHP |
| Plaintiff, | **DEFENDANTS JUDY JOHNSON, DEBRA LAWSON, PATRICE MCELROY AND ALLEN MALMQUISTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTIONS; DECLARATION OF MICHAEL VON LOEWENFELDT IN SUPPORT THEREOF** |
| v. | |
| THE STATE BAR OF CALIFORNIA, JUDY JOHNSON, DEBRA LAWSON, PATRICE McELROY, STATE BAR COURT, COMMITTEE OF BAR EXAMINERS, ALLEN MALMQUIST, CALIFORNIA SUPREME COURT, CHIEF JUSTICE RONOALD M. GEORGE, ASSOCIATIE JUSTICE CARLOS R. MORENO, ASSOCIATE JUSTICE JOYCE L KENNARD, ASSOCIATE JUSTICE KATHRYN MICKLE WERDEGAR, ASSOCIATE JUSTICE MING W. CHIN, ASSOCIATE JUSTICE MARVIN R. BAXTER, ASSOCIATE JUSTICE CAROL A. CORRIGAN, and DOES 1-50, | Date: December 17, 2007<br>Time: 2 p.m.<br>Place: Courtroom 15, 18th Floor<br><br>Hon. Marilyn Hall Patel |
| Defendants. | |

**I.    INTRODUCTION**

In addition to his cursory and inflammatory opposition to the pending motion to dismiss, Mr. Levi has filed an administrative motion seeking (1) appointment of an attorney, (2) that portions of the record in this case be sealed, (3) that future documents be filed under seal, (4) that he be allowed to proceed as "John Doe," and (5) that he be given permission to use the ECF electronic filing system.  Mr. Levi's motion does not comport with this Court's rules or governing law, is replete with unsupported falsehoods and accusations, and should be denied.

**II.   LEVI'S MOTION DOES NOT COMPLY WITH LOCAL RULE 7-11**

Mr. Levi made no attempt to meet and confer on this motion, as reflected by his failure to comply with the stipulation/declaration requirement of Civil Local Rule 7-11(a).  Mr. Levi's motion is also not accompanied by a proposed order, and no evidence is submitted by Mr. Levi to support most of the inflammatory and baseless accusations in his motion.

**III.  THERE IS NO BASIS FOR APPOINTING COUNSEL FOR LEVI**

Levi requests that the Court appoint him counsel to prosecute this case.  He cites no law, and provides no evidence, supporting this request.  Instead, he makes scurrilous accusations and paints himself as some type of victim instead of the vexatious litigant he is becoming.

There is no constitutional right to appointed counsel in a civil rights action.[1]  "However, in 'exceptional circumstances,' a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(d)."  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

Mr. Levi has made no application under section 1915(d); nor could he, as he is not indigent.  Such an application would reveal, for example, that his wife is a partner at a law firm.  The Court's discretion to appoint counsel is not intended for cases where financially solvent plaintiffs cannot find a lawyer to take their outrageous, frivolous cases.

In addition, Mr. Levi himself is trained as a lawyer.  (State Bar's Request for Judicial Notice filed 10/4/07 [hereinafter "RJN"], Ex. 3 p. 3:21-23.)  He passed the General Bar

---

[1]    Mr. Levi has not, of course, pled any valid civil rights claim.

Examination in 1997. (Id.) He is fully able to "articulate his claims" to the extent they exist. See Rand, 113 F.3d at 1525. Mr. Levi's motion for appointment of counsel should be denied.

### IV. THE RECORD OF LEVI'S PRIOR MORAL CHARACTER APPLICATIONS IS NO LONGER PRIVILEGED AND SHOULD NOT BE SEALED

Mr. Levi next asks the Court to seal the exhibits to Defendants' request for judicial notice, which reveal the record from his prior moral character proceedings. He argues that California Business and Professions Code section 6060.2 makes these proceedings confidential. He also asks the Court, on the same basis, to order Defendants to seal any future filings that reveal that record. Mr. Levi's request is again contrary to law.

The First Amendment creates a general right in the public to review documents in judicial proceedings. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A request to seal documents related to a dispositive motion must "'articulate compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure..." Id. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to future litigation will not, without more, compel the court to seal its records." Id. at 1179.

The documents in question are:

1. The State Bar Court Hearing Department Decision dated 12/07/1999;
2. The State Bar Court Review Department Decision dated 4/12/2001;
3. The State Bar Court Hearing Department Decision dated 3/18/2004;
4. The State Bar Court Review Department Decision dated 9/16/2005;
5. Levi's petition for Supreme Court writ review of exhibit #4; and
6. The California Supreme Court Order denying Levi's petition for writ review.

The Defendants *properly* filed these documents in the public record because they are no longer confidential. They *were* confidential at one time. But Mr. Levi has repeatedly waived that confidentiality.

First, Mr. Levi waived confidentiality by filing his state court lawsuit, which placed the content of the prior moral character proceedings at issue. (von Loewenfeldt Decl. Ex. A.) This

1  is a straightforward application of the general rule that a plaintiff's privilege is waived if the
2  privileged material is placed at issue by the plaintiff in a lawsuit.[2]  See John B. v. Superior Court,
3  38 Cal. 4th 1177, 1198 (2006); Fraihat v. Cohen, 2007 WL 3333117 at *4 (S.D. Cal. Nov. 6,
4  2007).
5       Next, Mr. Levi again expressly waived his section 6060.2 confidentiality during a
6  deposition in his state court lawsuit.  (von Loewenfeldt Decl. Ex. B [Abelson Depo.] pp. 32-37.)
7       Then, the State Bar filed most of the same documents Mr. Levi now seeks to have sealed
8  in the San Francisco Superior Court (specifically RJN Exs. 1-3).  (von Loewenfeldt Decl. ¶ 4.)
9  Mr. Levi did not obtain a sealing order concerning those documents.  Although he filed a motion
10 to seal the documents, he later withdrew it.  (Id.)  Any remaining confidentiality – there was
11 none in any event – was lost when these documents entered the public record.  As for the
12 remaining three documents, they are simply the subsequent appellate history of the March 2004
13 decision already in the public record.  Their subject matter is therefore public.
14      The same documents (RJN Exs. 1-3) were again made part of the appellate record in the
15 state court action.  (von Loewenfeldt Decl. ¶ 5.)  Mr. Levi made no attempt to seal the appellate
16 record.  (von Loewenfeldt Decl. ¶ 5 & Ex. D.)
17      Finally, Mr. Levi brought *this* lawsuit seeking to annul the prior moral character
18 determination reflected in RJN Exhibits 3-6, again placing the contents of that proceeding at
19 issue and waiving any confidentiality concerning it.
20      This cat has been out of the bag for a long time now.  If Mr. Levi did not want the public
21 to have access to the reasons why his applications for moral character have been denied, he
22 should not have sued the State Bar and its employees over that decision, should not have
23 affirmatively waived his rights so he could depose one of those employees on that subject, and
24 should have taken steps before now to seal this purportedly confidential information.  Mr. Levi's
25 request to seal current and unspecified future filings in this case should be denied.

---

[2]  Mr. Levi's assertions about future proceedings misunderstand this basic distinction.  If he has future moral character proceedings, those records will be confidential unless and until Mr. Levi brings a lawsuit about them or otherwise waives the privilege.

## V. LEVI SHOULD NOT BE ALLOWED TO SUE UNDER A FICTITIOUS NAME

Mr. Levi next asks that he be allowed to sue as "John Doe." Defendants note that Levi has already engaged in nomenclature shenanigans by calling himself "Simon Laevi" in the state lawsuit and "Simon Levi" in this one. Apparently, Mr. Levi believes that he should be allowed publicly to tar the names of a sitting State Bar Court judge, practicing lawyers, and other dedicated public servants, while hiding his own identity.

As with his other requests, Mr. Levi ignores the applicable law. Use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings … and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" Does I through XXII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (citation omitted). A pseudonym may only be used "in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Id. at 1068; 35A C.J.S. Federal Civ. Proc. § 45 (2007) ("As a matter of policy, the identity of parties to an action in the federal courts will not be concealed, except in unusual cases.").

This case does not warrant allowing Mr. Levi to hide his name. First, if he wanted to do that, he should have done so when he filed the complaint, not months later and *after* already filing and dismissing a related state court lawsuit. Mr. Levi cannot unring the bell.

Second, Mr. Levi's only purported basis for proceeding as a "John Doe" is the Business and Professions Code section 6060.2 right to confidentiality that, as explained above, he has repeatedly waived.

If one wants to use the public courts, one must do so publicly. Mr. Levi does not get to use the courts to attack and besmirch the Defendants by name, but hide his own identity so that he is not later embarrassed by the true facts. Mr. Levi's request to proceed as "John Doe" should be denied.

– 4 –
CASE NO. C-07-4378-MHP                                              DEFENDANTS' OPP'N TO ADMIN. MOTIONS

## VI.   ACCESS TO ECF

Mr. Levi has requested permission to register as an ECF user. Obviously, the ECF system is more convenient for the parties, and Defendants have no objection to using it. This Court has restricted use of the ECF system to lawyers who are members of this Court's Bar. The Defendants are not aware of all of the policy reasons behind this Court's rule, and take no position on whether the Court should exercise its discretion to allow Mr. Levi, who is not a licensed lawyer, the right to file documents through the ECF system.

DATED: November 30, 2007                    Respectfully submitted,

                                              **KERR & WAGSTAFFE LLP**

By ____/s Michael von Loewenfeldt_____
MICHAEL VON LOEWENFELDT

Attorneys for Defendants
Judy Johnson, Debra Lawson, Patrice McElroy, and Allen Malmquist

DECLARATION OF MICHAEL VON LOEWENFELDT

I, Michael von Loewenfeldt, hereby declare:

1.      I am an attorney licensed to practice before all courts in the State of California, and am a partner of the law firm of Kerr & Wagstaffe LLP, attorneys of record for Defendants Judy Johnson, Debra Lawson, Patrice McElroy, and Allen Malmquist in this action.  Through my representation of the State Bar of California and the individual defendants herein, I have personal knowledge of the facts stated herein, and, if called as a witness, could and would competently testify to them under oath.

2.      Attached hereto as Exhibit A is a true and correct copy of the Verified First Amended Complaint For Damages and Injunctive Relief For Violation of Business and Professions Code section 6060.2 filed by Mr. Levi in the San Francisco Superior Court on March 24, 2005 in *Simon Laevi v. State Bar of California, Rachel Abelson, Donald Steedman, and Does 1-20*, San Francisco Superior Court Case No. CGC 04-436617 [hereinafter the "Laevi State Court Action"].  Our firm became counsel of record for defendants in that action along with attorneys from the State Bar's Office of General Counsel.

3.      Attached hereto as Exhibit B is a true and correct copy of the cover pages and pages 32-37 of the Deposition of Rachel Abelson taken by Mr. Laevi a/k/a Levi in the Laevi State Court Action.

4.      The documents filed by the State Bar in this action as Exhibits 1-3 to its Request for Judicial Notice were all filed in the public record in the State Court Action on May 16, 2005.  Mr. Levi did not obtain a sealing order concerning those documents.  As the register of actions in the Laevi State Court Action, attached hereto as Exhibit C, reflects, although Laevi filed a motion to seal the documents on June 2, 2005, he later withdrew it on September 20, 2005.

5.      The same documents (RJN Exs. 1-3) were again made part of the public appellate record in the Laevi State Court Action when the State Bar took an appeal from the partial denial of its Anti-SLAPP motion.   Mr. Laevi did not file any motion with the Court of Appeal to seal those materials.  A true and correct copy of the Court of Appeal register of actions sheet for that matter is attached hereto as Exhibit D.

– 1 –

CASE NO. C-07-4378-MHP                                   MVL DECL. ISO OPP'N TO ADMIN MOTIONS

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct. Executed on November 29, 2007, at San Francisco, California.

4  _____/s Michael von Loewenfeldt_____
5  Michael von Loewenfeldt