EXHIBIT A

Simon Laevi
25-A Crescent Dr. #351
Pleasant Hill, 94523
(925) 286-3462

In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| Simon Laevi, ) | VERIFIED FIRST[1] AMENDED |
| ) | COMPLAINT FOR DAMAGES AND |
| Plaintiff(s), ) | INJUNCTIVE RELIEF |
| ) | FOR VIOLATION OF B&P 6060.2 |
| v. ) | |
| ) | |
| State Bar of California, ) | |
| Rachel Abelson, Donald Steedman, ) | JURY TRIAL DEMANDED |
| Does 1-20, ) | |
| ) | |
| Defendant(s). ) | |

PLAINTIFF SIMON LEVI[2] ("Plaintiff") submits the instant first amended complaint ("Complaint") against The State Bar of California ("State Bar"), Rachel

---

[1] Counsel for defendants should contact Plaintiff before filing an unnecessary answer as Plaintiff is in the process of drafting a second amended complaint to add various causes of actions and other defendants. In the past, Plaintiff sought a continuance regarding the filing of a first amended complaint, but the request from the court and counsel was denied.
[2] also known as Levi.

Abelson ("Abelson"), Donald Steedman ("Steedman"), and Does 1 - 20 (collectively, the "defendants"), and alleges as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

1. The State Bar is a public corporation authorized to conduct business in the State of California. The State Bar maintains an office in San Francisco, California and that some acts complained of with respect to the State Bar transpired in San Francisco, California.

2. Abelson is a natural person, a graduate of Golden Gate University School of Law ("GGU") and a member of the California State Bar. The acts complained of with respect to Abelson transpired in San Francisco.

3. Steedman is a natural person and an employee of the State Bar. The acts complained of with respect to Steedman transpired in San Francisco.

4. Plaintiff does not know the true names and capacities of the defendants sued herein as Does 1 - 20. Plaintiff is informed and believes, and thereon alleges, that Does 1 - 20, and each of them, committed the acts complained of in this complaint. When Plaintiff ascertains the identity of these Doe defendants, he will amend the instant complaint to specifically name those parties.

5. In or about the years 1999 to 2000, while studying law at GGU, Abelson was employed by the State Bar at the Office of Chief Trial Counsel ("OCTC") and, subsequently, at the Office of General Counsel.

6. While working at the OCTC, Abelson's direct supervisor was Steedman.

7. While working for OCTC, Abelson worked on a confidential case that Plaintiff had pending at the State Bar at that time.

8. At or about this same time, Plaintiff was also a matriculated student at GGU.

9. While a student at GGU, Plaintiff befriended an individual by the name of Sara Raymond ("Raymond") for a period of several months. Subsequently, said friendship ended.

10. Plaintiff is informed and believes, and thereon alleges, that Abelson disclosed to Raymond information that she learned about Plaintiff while working on his file at the OCTC that caused Raymond to despise Plaintiff and to be afraid of him. Abelson disclosure was an actual and proximate cause of Raymond's decision to complain against him.

11. Plaintiff alleges that the disclosure of said information was the actual and proximate cause of Raymond, in large part, disliking and fearing Plaintiff, and what caused her to complaint to GGU about him. Moreover, Plaintiff alleges that Abelson acted with malice, oppression and with a specific intent to injure Plaintiff, giving rise to an entitlement of an award of exemplary damages in Plaintiff's favor.

12. Plaintiff is informed and believes, and thereon alleges, that all of the confidential information to which Abelson had access was available to her as a result of her employment by the State Bar and her supervision by Steedman. As such, the State Bar and Steedman are liable to the same extent as Abelson for each of the wrongful acts committed by Abelson, as described below.

13. Plaintiff, based on information and belief alleges that Steedman knew of the fact that Abelson was disclosing information to Raymond, and possibly others, yet chose to take no action

14. As a result of Abelson and Steedman misconduct Plaintiff damages included denial of

membership, past and future lost wages, and complications at GGU.

## FIRST CAUSE OF ACTION
**(Violations of Business & Prof. Code section 6060.2, *et seq.* -- against Abelson as private individual)**

15. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 - 12 as though set out in full herein.

16. Abelson disclosed confidential information relating to Plaintiff to which she had access as a result of her employment with the State Bar and her supervision by Steedman. .Abelson owed a duty to maintain this information in confidence pursuant to her employment by the State Bar and California Business & Professions Code section 6060.2, *et seq.* As a result of said disclosures, Abelson caused Plaintiff to suffer severe emotional distress and to suffer other damages which will be disclosed at discovery and according to Proof such as denial of membership and lost wages.

17. Abelson violated her obligation to maintain said information relating to Plaintiff in confidence, and did so with malice, oppression and a specific intent to injure Plaintiff, giving rise to an entitlement of an award of exemplary damages in Plaintiff's favor.

## SECOND CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress -- Against Abelson as private individual)**

18. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 15 as though set out in full herein.

19. Abelson owed a duty to Plaintiff to maintain in confidence that information relating to Plaintiff's confidential proceedings before the State Bar to which she had

access as a result of her employment with the State Bar. Abelson breached that duty when she disclosed said information to Raymond. Abelson's breach of this duty owed to Plaintiff proximately and actually caused him to suffer the damages complained of.

### THIRD CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C 1983 -- AGAINST ALL DEFENDANTS)

20. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 - 18 as though set out in full herein.

21. By disclosing information to Raymond, and by the failure of State Bar and Steedman to properly train Abelson, all defendants action, and lack thereof resulted in the violation of Plaintiff civil rights.

### FOURTH CAUSE OF ACTION
### (INVASION OF PRIVACY -- Against Abelson as
### Private individual)

21.5. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 - 21 as though set out in full herein.

22. By engaging in the misconduct described above, defendants Steedman and Abelson violated Plaintiff right to privacy as guaranteed by the California Constitution

24. On May 28, 2004, Plaintiff deposed Abelson in connection with an unrelated proceeding. Plaintiff is informed and believes, and thereon alleges, that Abelson further breached the duty owed to Plaintiff when she perjured herself during said deposition by denying that she had breached her duty of confidentiality with respect to Plaintiff's pending action, and by giving inconsistent answers. As such, Abelson's breach of her

duty to Plaintiff is ongoing and continuing.

25   The State Bar and Steedman were under a duty to train and supervise Abelson in such a way as insure that she understand that Plaintiff's case was confidential, and that she should not breach said duty of confidentiality.

26.   Plaintiff is informed and believes, and thereon alleges, that the State Bar (OCTC) and Steedman did not adequately train and/or supervise Abelson, therefore breaching their duty to do so. The State Bar's and Steedman's breach of this duty owed to Plaintiff proximately and actually caused him to suffer the damages complained of.

### FIFTH CAUSE OF ACTION

**(Injunctive Relief - Against all Defendants)**

27.   Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 20 as though set out in full herein.

28.   As described above, Abelson has already disclosed confidential information relating to Plaintiff and his proceedings before the State Bar to at least one individual.

29.   Plaintiff asks the Court to issue an order prohibiting defendants from further disclosing to anyone confidential information, and requiring defendant State Bar to provide a plan in which it better training in connection with that issue is implemented.

### SIXTH CAUSE OF ACTION

**(Violation of First Amendment to the U.S. Constitution and Violation of the Free Speech Clause of the California Constitution)**

30   The State Bar is a public corporation authorized to conduct business in the State of California.

31.   The State Bar maintains an office in San Francisco, California. The address of said office is 180 Howard St. San Francisco Ca.

32. In fact, the State Bar owns said office building which is located at 180 Howard St. San Francisco Ca.

33. The office building at 180 Howard St. contain the offices of the State Bar which includes the Office of Chief Trail Counsel, Office of General Counsel, State Bar Court and other branches of the State Bar of California.

34. The State Bar of California also owns the adjacent property which is located in front of the building.

35. Currently, there are yellow signs posted across the State Bar building informing passer by that the building is "privately owned" and that trespassers will be prosecuted.

36. The fact of the matter is that the building is not privately owned, but in fact is owned by the State Bar of California which is a public Corporation.

37. Plaintiff, and several local rabbis plan on having various demonstrations and hunger strikes at different times and different locations concerning various topics against corruption and anti-Semitism at the State Bar of California.

37.5 For example, State Bar member John Henning pleaded no contest to two counts of misdemeanor battery after getting into an altercation with a rabbi and a member of his congregation. Henning hit both men, leaving one with injuries that were treated at the scene. He broke the rabbi's glasses.

He was sentenced to ten months jail time and 3 year probation., was ordered to undergo anger management counseling and to make restitution, and was placed under a no contact order. (Not surprisingly, the fact that Henning was sentenced to 10 month of incarceration is not mentioned on the State Bar web-site.)

This is not the first time that Mr. Henning was involved in a battery. In the past he also

was involved in a battery in Santa Cruz, and was reprehended by the State Bar. Shockingly, the State Bar enter into a settlement with Mr. Henning which in actuality imposed only 60 days suspension.

37.8  The above is one of many examples which plaintiff is aware of. Plaintiff submit that anti-Semitism and wide spread corruption is rampant at the State Bar, and mainly eminent from the executive director Judy Johnson.

38. One of the chosen area for a hunger strike and demonstration is, naturally, in front of the State Bar building. As such, said misleading yellow signs might confuse potential demonstrators that they are not entitled to remain on the property, or in the alternative, that they are not allow to remain on the property for a prolonged period of time.

39. Plaintiff alleges that said yellow signs violate the First Amendment to the U.S. constitution and the Free Speech Clause of the California Constitution. Also, said yellow sign are false and misleading.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1. For an injunction, including a preliminary injunction, prohibiting defendants from engaging in the above-described illegal practices.
2. For a declaration that the defendants' conduct as alleged above is illegal;
3. For damages according to proof;
4. For punitive damages according to proof;
5. For reasonable costs;
6. For such other and further relief as the Court deems just and proper.



7. For an injunction prohibiting the State Bar from falsely claiming that the area in front of the State Bar building is privately owned.

Plaintiff requests a jury trial as to the non-equitable claims for relief.

Dated: March 24

_____
Simon Laevi

**VERIFICATION**

I am the Plaintiff in the above-entitled action. I have read the forgoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief and as to those matters, I believe them to be true.

I declare under penalty of perjury pursuant to the laws of the State of California that the above is true and correct to the best of my knowledge.

Dated: March 24, 2005

_____
Simon Laevi

## PROOF OF SERVICE

I reside in the City of Walnut Creek, I am over the age of 18 years, and I am a party to the action in the attached documents.

My business address is 25-A Cresecnt Dr. #351, Pleasant Hill 94523. On this date I personally served The Office of General Counsel (Mr. Collin Wong) at 180 Howard St. SF 94105 :

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF B&P 6060.2

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 24 , 2005, at Pleasant Hill, California.

_____
Simon Laevi