EXHIBIT B

```
 1         SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2              FOR THE COUNTY OF SAN FRANCISCO
 3                    UNLIMITED JURISDICTION
 4   - - - - - - - - - - - -
 5   SIMON LAEVI,                         CERTIFIED COPY
 6            Plaintiff,           )
 7   V.                            ) Unassigned
 8   STATE BAR OF CALIFORNIA, RACHEL )
 9   ABELSON, DONALD STEEDMAN,     )
10   DOES 1-20,                    )
11            Defendant,           )
12   - - - - - - - - - - - - - - - -
13
14
15
16           DEPOSITION OF RACHEL ABELSON
17              MONDAY, FEBRUARY 28, 2005
18
19
20
21           BEHMKE REPORTING & VIDEO SERVICES
22           BY:  MITCHELL THOMAS, CSR 10137
23                       1320 ADOBE DRIVE
24                 PACIFICA, CALIFORNIA 94044
25                         (650) 359-3201
```

```
 1
 2
 3
 4
 5
 6
 7
 8       Deposition of RACHEL ABELSON, taken on
 9       behalf of PLAINTIFF, at 180 Howard
10       Street, San Francisco, California
11       94105-1639, commencing at 10:12 a.m.,
12       MONDAY, FEBRUARY 28, 2005, before
13       Mitchell Thomas, Certified Shorthand
14       Reporter No. 10137, pursuant to Notice.
15
16
17
18
19
20
21
22
23
24
25
```

1  about the fact that Raymond might have
2  mentioned your name to Sue Shecter?
3      A.   I can't answer that question.
4      Q.   Why not?
5      A.   Because there is a privilege.
6      Q.   By whom?
7      A.   It's with the State Bar.
8      Q.   Do you know the answer?
9      A.   Approximately.
10     Q.   Okay.  And what is -- I mean, with
11 all due respect you're not making an
12 objection.
13     MR. WONG:  Then I'll do it for her.
14     MR. LEVY:  Okay.  What is your objection?
15     MR. WONG:  It's related -- it's related
16 to the moral character proceeding.  Your
17 moral character proceeding.
18     MR. LEVY:  And then, that's when you're
19 asking me to waive it now?
20     MR. WONG:  Correct.  You can have -- you
21 can have that answer if -- if there's no
22 other privilege.
23     MR. LEVY:  And is there another
24 privilege?
25     MR. WONG:  I don't know yet.

1       MR. LEVY:  So, can I waive it for the
2  purpose of that deposition?
3       MR. WONG:  No.
4       MR. LEVY:  Why not?
5       MR. WONG:  You can waive it for the case.
6       MR. LEVY:  Why can't I waive privilege --
7       MR. WONG:  Because if you waive it for
8  just the purpose of the deposition, you can't
9  even use this testimony.
10      MR. LEVY:  So, what -- I mean, okay.  I
11 mean, I don't understand exactly what I'm
12 waiving.  And you have to understand my
13 concern with all due respect.  You want me to
14 waive my -- you want me to waive 606.2;
15 right?
16      MR. WONG:  Correct.
17      MR. LEVY:  Okay.  And what you're telling
18 me is that once I waive it, everything is
19 open season.  I mean, you can go and --
20      MR. WONG:  Well, no, not -- not
21 everything.
22      MR. LEVY:  Okay.
23      MR. WONG:  But for the purposes of this
24 deposition, this information can be used.
25 And --

```
 1      MR. LEVY:  I mean, my concern is I'm
 2 waiving it, and then you're going to go
 3 and -- as far as what you're telling me is
 4 you can take my whole case, you know, and put
 5 it in a cafe and send to everybody that
 6 passes by it, "This is all the information
 7 about Simon Levy, you know.  He waived his --
 8 he waived his confidentiality.  Be my guest.
 9 Take a look."  It becomes a public record.
10      MR. WONG:  I'm not sure you haven't
11 waived it already.  I have to look into that.
12 Just by filing the lawsuit, you may have
13 already waived all your privileges.
14      MR. LEVY:  Possibly.
15      MR. WONG:  Yeah.
16      MR. LEVY:  But do you understand what I'm
17 talking about?
18      MR. WONG:  I do understand.
19      MR. LEVY:  Okay.
20      MR. WONG:  But -- but if what I'm telling
21 you is that you've already waived it, then
22 what's it matter?
23      MR. LEVY:  I mean, first of all, with all
24 due respect you cannot give me legal advice,
25 and I --
```

1     MR. WONG: And I certainly don't want to.
2     MR. LEVY: I understand. And you know
3  that I'm not going to hold you on it. And
4  I'm not sure whether or not I waive -- I
5  waive it or not.
6          But my point is do you understand my
7  concern that I don't want to give you, like,
8  a blank check and tell you I waived
9  everything and then everything becomes a --
10 almost like public record. My whole file
11 with the State Bar becomes a public record.
12    MR. WONG: Okay. The only thing -- my
13 only response to that is then you shouldn't
14 have brought the lawsuit.
15    MR. LEVY: So, my response is, I mean I'm
16 willing to give her a waiver for the purpose
17 of that lawsuit. Okay.
18    MR. WONG: Now, that -- now that is
19 acceptable.
20    MR. LEVY: Okay. Meaning -- meaning, for
21 example, if I hear tomorrow, you know,
22 that -- that -- let's say her friend, okay,
23 Christine Lynch, I just happen to speak to
24 her, and she's telling me, "Oh, you know,
25 Rachel Abelson spoke to me about you, and she

1  told me everything, and I know everything,"
2  and I come to Rachel and say to her, "Why did
3  you do that?  I mean, there's still
4  confidentiality," and she'll go, "Well, you
5  waived it."
6         You know, you see my point.
7     MR. WONG:  That -- that I understand.
8  But I would agree that Ms. Abelson be
9  admonished not to discuss your particulars
10 with respect to the moral character
11 proceeding outside the proceedings or her
12 attorneys or any of the defendants.
13        Is that acceptable?
14    MR. LEVY:  You know what, if there's
15 going to be a problem, I'll bring a motion
16 with the Court.  Because, again, I don't want
17 to give you a blank check.  Okay.
18        So, for the purposes of the
19 deposition, for the purpose of the lawsuit,
20 yes, I have to waive it.  It's -- it's -- No.
21 2, regardless even though -- regardless of
22 606.2, once a client even sues an attorney,
23 let's say, for anything -- for civil or for
24 criminal or for anything -- the client-lawyer
25 privilege is diminished, you know.

1       The lawyer can't -- so, pretty much
2  here too, I mean if I ask her a question,
3  there's almost a presumption that if I'm
4  asking her that -- -
5       MR. WONG:  She waived already?
6       MR. LEVY:  Yes.
7       MR. WONG:  Okay.  That -- that is
8  acceptable.
9       MR. LEVY:  Yes.
10      MR. WONG:  For purposes of the deposition
11 and the lawsuit, you've waived your
12 privilege.
13      MR. LEVY:  Okay.
14      MR. WONG:  Okay.  Then, let me have the
15 question back.  What was the question you
16 asked her?
17 BY MR. LEVY:
18      Q.  So, when did you first time heard
19 about the fact that Raymond might have
20 mentioned your name to Sue Shecter?
21      MR. WONG:  Okay.  If you heard the name
22 from either anyone within the trial counsel
23 office, either Mr. Steedman or someone else,
24 that's attorney-client privilege.
25          If you heard it from someone outside

```
 1  STATE OF CALIFORNIA            )
 2                                 ) ss.
 3  COUNTY OF SAN FRANCISCO        )
 4       I hereby certify that THE WITNESS in the
 5  foregoing deposition, RACHEL ABELSON, was
 6  duly sworn by me to testify to the truth, the
 7  whole truth, and nothing but the truth in the
 8  within-entitled cause; that the deposition
 9  was taken at the time and place herein named;
10  that the deposition is a true record of the
11  witness' testimony as reported by me, a duly
12  certified shorthand reporter and
13  disinterested person, and was thereafter
14  transcribed into typewriting by computer.
15       I further certify that I am not
16  interested in the outcome of the said action,
17  nor connected with, nor related to any of the
18  parties in said action, nor to their
19  respective counsel.
20       IN WITNESS WHEREOF, I have hereunto
21  set my hand this 14th day of March, 2005.
22
23  _____
24  MITCHELL D. THOMAS, CSR # 10137
25  STATE OF CALIFORNIA
```

93