1  MARIE M. MOFFAT (62167)
   LAWRENCE C. YEE (84208)
2  MARK TORRES-GIL (91597)
   DANIELLA A. LEE (223675)
3  **STATE BAR OF CALIFORNIA**
   **OFFICE OF GENERAL COUNSEL**
4  180 Howard Street
   San Francisco, CA 94105-1639
5  Telephone: (415) 538-2012
   Fax: (415) 538-2321
6  Email: mark.torresgil@calbar.ca.gov

7  JAMES M. WAGSTAFFE (95535)
   MICHAEL VON LOEWENFELDT (178665)
8  CHEROKEE D.M. MELTON (243265)
   **KERR & WAGSTAFFE LLP**
9  100 Spear Street, Suite 1800
   San Francisco, CA 94105–1528
10 Telephone: (415) 371-8500
   Fax: (415) 371-0500
11 Email: mvl@kerrwagstaffe.com

12 Attorneys for Defendants
   Judy Johnson, Debra Lawson, Patrice McElroy, and
13 Allen Malmquist

14

                **UNITED STATES DISTRICT COURT**
15
                **NORTHERN DISTRICT OF CALIFORNIA**
16
                   **SAN FRANCISCO DIVISION**
17

18 SIMON LEVI,                                    Case No. C-07-4378-MHP

19      Plaintiff,                                **DEFENDANT JUDY JOHNSON,**
                                                  **DEBRA LAWSON, PATRICE**
20 v.                                             **MCELROY AND ALLEN**
                                                  **MALMQUISTS' REPLY TO**
21 THE STATE BAR OF CALIFORNIA, JUDY              **PLAINTIFF'S OPPOSITION TO**
   JOHNSON, DEBRA LAWSON, PATRICE                 **MOTION TO DISMISS FIRST**
22 McELROY, STATE BAR COURT,                      **AMENDED COMPLAINT**
   COMMITTEE OF BAR EXAMINERS, ALLEN
23 MALMQUIST, CALIFORNIA SUPREME                  Date:    December 17, 2007
   COURT, CHIEF JUSTICE RONALD M.                 Time:    2 p.m.
24 GEORGE, ASSOCIATE JUSTICE CARLOS R.            Place:   Courtroom 15, 18th Floor
   MORENO, ASSOCIATE JUSTICE JOYCE L
25 KENNARD, ASSOCIATE JUSTICE KATHRYN                      Hon. Marilyn Hall Patel
   MICKLE WERDEGAR, ASSOCIATE JUSTICE
26 MING W. CHIN, ASSOCIATE JUSTICE
   MARVIN R. BAXTER, ASSOCIATE JUSTICE
27 CAROL A. CORRIGAN and DOES 1-50,

   Defendants.
28

KERR
&
WAGSTAFFE
LLP

Case No. 07-04378-MHP          DEFS' REPLY TO PLF'S OPP'N TO MOTION TO DISMISS FAC

1

**TABLE OF CONTENTS**

2

*Page*

3    I.    INTRODUCTION ...................................................................................................... 1

4    II.    MR. LEVI'S FIRST CAUSE OF ACTION REMAINS UTTERLY MERITLESS ........ 2

5          A.    Mr. Levi Makes No Attempt To Explain Why He Has Stated A Federal
               Claim Or Why This Court Has Jurisdiction To Compel Another State
6               Agency To Review Plaintiff's Moral Character Application ............................... 2

7          B.    Mr. Levi's Suggestion That He Can Re-Plead To Show Ripeness Ignores
               The <u>Chaney</u> And <u>Younger</u> Problems With Any Such Claim ............................... 3
8

9          C.    Mr. Levi's Res Judicata/Collateral Estoppel Argument Ignores His Own
               Theory Of The Case .......................................................................................... 4
10

11   III.   MR. LEVI'S SECOND CAUSE OF ACTION IS NOTHING MORE THAN AN
           UNAUTHORIZED "APPEAL" FROM THE CALIFORNIA SUPREME COURT'S
12          DECISION DECLINING TO ADMIT HIM TO THE BAR ........................................... 4

13         A.    <u>Rooker-Feldman</u> Bars This Claim ...................................................................... 4

14         B.    This Claim Is Also Barred By Res Judicata And Collateral Estoppel In
               Light Of The Review Department And State Supreme Court's Rejections
15              Of Mr. Levi's Direct Appeal On The Same Matter ............................................. 7

16   IV.    CONCLUSION............................................................................................................. 7

17

18

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2    There is an old saw among lawyers: "if you have the facts on your side, pound the facts;

3    if you have the law on your side, pound the law; if you have neither the facts nor the law, pound

4    the table." Mr. Levi is pounding the table pretty hard in his opposition. Stripped of adjectives,

5    adverbs, and nasty, unfounded accusations, Mr. Levi's opposition brief reveals that he has

6    neither the law nor the facts on his side.

7    Mr. Levi admits that his lawsuit seeks two things, and two things only: (1) an injunction

8    "recusing" the State Bar from considering any future moral character application he files, and (2)

9    "reversal" of the California Supreme Court's order denying his application for admission.[1] Mr.

10    Levi, however, fails to rebut the defendants' clear showing of numerous grounds why neither

11    form of relief can be granted by this Court. Among the more notable omissions in his

12    "opposition" are:

13    • Mr. Levi makes no attempt to demonstrate how *either* of his two causes of action

14    states a claim under federal law;

15    • Mr. Levi makes no attempt to explain how this Court has the authority to order that

16    his individual moral character determination be made by a California executive

17    branch agency instead of the State Bar; and

18    • Mr. Levi makes no attempt to demonstrate that the individuals he has sued for

19    "prospective injunctive relief" have the authority to nullify a State Bar Court decision

20    or transfer the State Bar's public protection duties to another state agency.

21    Instead, Mr. Levi presents an emotional, contradictory argument replete with

22    misstatements of law and fact, and inapplicable hypotheticals; all while ignoring the true reason

23    for his inability to gain admission to the California bar. The simple fact remains that *only* the

24    California Supreme Court can admit Mr. Levi to the practice of law in California, and *only* the

25    United States Supreme Court has jurisdiction to direct the California Supreme Court to do so.

26    These are not novel issues, but well established legal doctrine. Mr. Levi's attempt to use this

27    _____

28    [1]    Plaintiff's Opposition to Motion to Dismiss ("Opp'n") at 2.

KERR
WAGSTAFFE
LLP

Case No. 07-04378-MHP                    DEFS' REPLY TO PLF'S OPP'N TO MOTION TO DISMISS FAC

1   Court to sidestep California's admissions process is utterly frivolous, and should be dismissed

2   without leave to amend.

3   **II.      MR. LEVI'S FIRST CAUSE OF ACTION REMAINS UTTERLY MERITLESS**

4           **A.      MR. LEVI MAKES NO ATTEMPT TO EXPLAIN HOW HE HAS STATED A FEDERAL
                 CLAIM OR WHY THIS COURT HAS JURISDICTION TO COMPEL ANOTHER STATE**

5               **AGENCY TO REVIEW PLAINTIFF'S MORAL CHARACTER APPLICATION**

6           Mr. Levi makes no attempt to explain how any of his complaints rise to the level of a

7   federal civil rights case.  As discussed in the moving papers, California's moral character

8   determination process satisfies due process.[2]  Mr. Levi's insistence that he was accused of owing

9   the IRS $20,000 when he purportedly didn't does not state a deprivation of federal rights.[3]  There

10  simply is no federal claim here, and Mr. Levi does not even attempt to show one.  That alone is

11  fatal to his claims.

12          Nor does Mr. Levi explain how this Court would have jurisdiction to usurp the California

13  Supreme Court's role in attorney admissions, commandeer an unspecified California executive

14  branch agency to perform Mr. Levi's moral character examination, or otherwise provide the

15  relief Mr. Levi calls "recusing" the State Bar.[4]  This too is fatal to Mr. Levi's claims.

16          The Court need not go any further.  If no federal claim is stated, and the only relief

17  sought is unavailable, the rest of these arguments do not matter.  However, the other arguments

18  Mr. Levi "oppose" also point inexorably to dismissal.

19

20

21  [2]   See State Bar Defendants' Motion to Dismiss ("MD") at 18:2-11.

22
    [3]   Nor was this issue, on which Mr. Levi focuses all his attention, dispositive of his
23  application.  As the underlying decisions demonstrate, Mr. Levi's moral character was found
    lacking for numerous instances of misconduct, including pepper spraying a mother and her five-
24  year old daughter, and repeatedly sexually harassing a fellow student, among many other serious
    and ongoing ethical lapses. (See State Bar Defendants' Request For Judicial Notice ("RJN")
25  Exs. 1-6.)

26  [4]   Note that Mr. Levi is not seeking to recuse a particular investigator or even a particular
27  State Bar Court Judge (relief this Court also has no jurisdiction to grant).  He seeks to avoid the
    State Bar process entirely and to transfer the inquiry into his fitness to be a lawyer to some
28  unspecified agency with no mandate or expertise to make such an inquiry.



Case No. 07-04378-MHP              DEFS' REPLY TO PLF'S OPP'N TO MOTION TO DISMISS FAC

1  **B.    MR. LEVI'S SUGGESTION THAT HE CAN RE-PLEAD TO SHOW RIPENESS IGNORES THE <u>CHANEY</u> AND <u>YOUNGER</u> PROBLEMS WITH ANY SUCH CLAIM**

2

3        There is no pending moral character application, much less a decision denying one.  Mr.

4   Levi *alleged* in his original Complaint that he submitted a third moral character application to the

5   State Bar.[5]  He omitted this allegation from his First Amended Complaint (likely because it is not

6   true).  In the absence of such an allegation, there is no case or controversy, as the case cannot be

7   based on a future contingency.[6]

8        Mr. Levi, apparently recognizing that the State Bar's position is correct, now contends

9   that a cryptic sentence in footnote one of his First Amended Complaint sufficiently alleges that a

10  third moral character application is pending.  This footnote states: "Recently Plaintiff was

11  informed by Yolanda, a State Bar employee, that Malmquist is the investigator who was assigned

12  to his new case."[7]  Rather than constitute a material allegation for pleading purposes, however,

13  this statement is vague and conclusory and begs such fundamental questions as: What "new

14  case"?, What does "recently" mean?, and Are we even talking about a moral character

15  application?  A district court may not consider any material beyond the pleadings in ruling on a

16  Rule 12(b)(6) motion and it would be improper for the Court to assume that Mr. Levi can prove

17  facts that he has not alleged.[8]  Accordingly, there is no case or controversy, and the Court lacks

18  subject matter jurisdiction to hear his case.

19        Even assuming, however, that the essential allegations were made and that a third moral

20  character application were now pending in the State Bar, the <u>Younger</u> abstention doctrine would

21  require that the Court abstain in favor of the pending State Bar proceedings.[9]  Moreover, Ninth

22  Circuit law plainly holds that no *federal* claim can be stated until the Supreme Court denies any

23  _____

24  [5]    <u>See</u> Complaint, ¶ 18.

25  [6]    <u>See</u> MD at 12:1-13:6.

26  [7]    First Amended Complaint ("FAC") at 7, n.1.

27  [8]    <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

28  [9]    <u>See</u> MD at 13, n. 68.


KERR
&
WAGSTAFFE
LLP

3

1    third application because, until then, no deprivation of federally recognized rights has taken

2    place.[10]  Mr. Levi simply ignores these points as well.

3         **C.    MR. LEVI'S RES JUDICATA/COLLATERAL ESTOPPEL ARGUMENT IGNORES HIS**
            **OWN THEORY OF THE CASE**

4

5         Mr. Levi's claim for recusal is also barred by the prior decisions rejecting his claims of

6    bias and error.  Mr. Levi asserts that it is not his intent to re-litigate issues previously addressed

7    in the underlying State Bar admissions proceedings; but the practical effect of his suit is to do

8    just that. These issues form the basis of his request that the Court create a special bar admissions

9    system just for him. The California Supreme Court necessarily decided all of these issues when it

10   rejected his petition for review. Therefore, res judicata and collateral estoppel also bar his claims.

11   **III.   MR. LEVI'S SECOND CAUSE OF ACTION IS NOTHING MORE THAN AN**
            **UNAUTHORIZED "APPEAL" FROM THE CALIFORNIA SUPREME COURT'S**
12          **DECISION DECLINING TO ADMIT HIM TO THE BAR**

13        **A.    ROOKER-FELDMAN BARS THIS CLAIM**

14        Mr. Levi's opposition brief makes it clear that he is <u>not</u> attempting to bring any type of

15   tort claim (fraud or otherwise), but is "only" seeking reversal (which he calls "nullification") of

16   the California Supreme Court's decision not to admit him to the practice of law.  Mr. Levi

17   nonetheless clutters his opposition with numerous accusations of "bribery," "fraud" and other

18   irrelevant matters.  He focuses his venom on Peter Keane, Dean of Golden Gate Law School – a

19   person who is not even a defendant in this action! Mr. Levi fails, however, to articulate just *how*

20   his baseless accusations authorize this Court to reverse a California Supreme Court admissions

21   decision.

22        This is the one area where the <u>Rooker-Feldman</u> doctrine could not be clearer.  The

23   <u>Rooker-Feldman</u> doctrine teaches that the federal courts lack jurisdiction to hear de facto appeals

24   of state court judgments.  For the <u>Rooker-Feldman</u> doctrine to apply a plaintiff must seek not

25   only to set aside a state court judgment; he or she must also allege a legal error by the state court

26

27   _____

     [10]    <u>Giannini v. Comm. of Bar Exam'rs of the State Bar of California</u>, 847 F.2d 1434, 1435
28   (9th Cir. 1988); <u>Chaney v. State Bar of California</u>, 386 F.2d 962, 964, 966 (9th Cir. 1967).



4

1   as the basis for that relief.[11]  This is exactly what Mr. Levi is attempting to do.  He alleges that

2   Judge McElroy erred by not fully disclosing the true nature of her relationship with Dean

3   Keane.[12]  On this basis, he seeks relief from Judge McElroy's decision by rendering it a nullity.

4   It's hard to visualize a more fitting example of a case ripe for the Rooker-Feldman application.

5   Indeed, Feldman was an attorney-admissions case, and attorney-admissions remain at the heart

6   of the Rooker-Feldman doctrine.[13]

7          Mr. Levi attempts to avoid Rooker-Feldman by insisting that his claim is based on

8   "extrinsic fraud."  In classic "grasping at straws" style, Mr. Levi contends that the Dean Keane –

9   *who is not a party to this action* – committed a fraud on the State Bar Court by withholding

10  information about his relationship with Judge McElroy, therefore constituting an extrinsic fraud

11  on the court.  But Dean Keane was not an "adverse party" in the underlying proceeding and Mr.

12  Levi was not denied the opportunity to present his case in court.  "Extrinsic fraud is conduct

13  which prevents a party from presenting his claim in court."[14]

14         Mr. Levi insists that Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004), creates an

15  "extrinsic fraud" exception to Rooker-Feldman that allows this Court to "nullify" a state court

16  decision.  Mr. Levi misinterprets the Kougasian case, which has no bearing here.  In Kougasian,

17  the plaintiff attempted to bring a diversity action presenting substantive claims that had already

18  been lost in state court.  To avoid the state court loss, the plaintiff also sought to "set aside" the

19  state court judgment on Rooker-Feldman grounds.  The Ninth Circuit held that the plaintiff was

20  ─────────────────────

21  [11]     Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).

22  [12]     FAC at 11:17-19.

23  [13]     District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983).  In the
24  two decades since Feldman, the Ninth Circuit Court has reaffirmed Rooker-Feldman's
    application to state bar decisions in five separate published decisions.  Tofano v. Supreme Court
25  of Nevada, 718 F.2d 313, 314-15 (9th Cir. 1983); Rosenthal v. Justices of the Supreme Court of
    California, 910 F.2d 561, 566-67 (9th Cir. 1990); Partington v. Gedan, 961 F.2d 852, 864-65 (9th
26  Cir. 1992); Craig v. State Bar of California, 141 F.3d 1353, 1354 (9th Cir. 1998); Mothershed v.
    Justices of the Supreme Court, 410 F.3d 602, 606-08 (9th Cir. 2005); see also MacKay v.
27  Nesbett, 412 F.2d 846 (9th Cir. 1969).

28  [14]     Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981).

KERR
&
WAGSTAFFE
LLP

Case No. 07-04378-MHP          DEFS' REPLY TO PLF'S OPP'N TO MOTION TO DISMISS FAC

1   not claiming harm by legal error of the California courts, but instead by the substantive extrinsic

2   fraud of the opposing party.[15]  That claim is not an appeal of the state court decision, and the

3   Ninth Circuit remanded for a determination of whether under principles of res judicata the

4   second federal lawsuit was allowed.[16]

5         Mr. Levi is not seeking in this lawsuit to bring claims against anyone for fraud.  The *only*

6   relief he seeks in his second cause of action is reversal of the judicial decision he claims was

7   tainted by an "improper" conflict of interest between the judge and the lawyer on the other side.

8   In other words, Mr. Levi's real complaint is with Judge McElroy and judicial recommendations

9   she made while his moral character proceeding was ongoing.  This is exactly the type of alleged

10  court error that triggers application of the Rooker-Feldman doctrine in combination with his

11  request for relief from the state court's decision.

12        Moreover, and much more importantly, it was the California Supreme Court that denied

13  Mr. Levi admission to the Bar – not the State Bar Court.[17]  Mr. Levi does not even attempt to

14  claim any fraud, extrinsic or otherwise, that affected the California Supreme Court's decision.

15        The lower federal courts have no power to nullify the decisions of the California Supreme

16  Court on the grounds that error occurred in the state proceedings.  Because that is, at bottom,

17  what Mr. Levi seeks, his second cause of action must be dismissed.[18]

18

19

20

21

---

22  [15]     "Extrinsic fraud on a court is, by definition, not an error by that court.  It is, rather, a
    wrongful act committed by the party or parties who engaged in the fraud.  Rooker-Feldman
23  therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of
    action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained
24  by that fraud."  Id. at 1141.

25  [16]     Id. at 1143-44.

26  [17]     Giannini, 847 F.2d at 1435; Chaney, 386 F.2d at 964, 966.

27

28  [18]     In addition, Mr. Levi's request seeks *retroactive* relief (nullification of a past decision),
    *not* prospective relief, and is thus barred by the Eleventh Amendment as well.

1    **B.    THIS CLAIM IS ALSO BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL IN LIGHT OF THE REVIEW DEPARTMENT AND STATE SUPREME COURT'S**
2    **REJECTIONS OF MR. LEVI'S DIRECT APPEAL ON THE SAME MATTER**

3    Mr. Levi's claim is also barred because the State Bar Court Review Department and

4    California Supreme Court have already rejected his challenge to Judge McElroy's rulings.  Mr.

5    Levi had a full and fair opportunity to present any claims of error he wanted to present, and the

6    ones he chose to present were rejected.  Res judicata is intended to prevent exactly this type of

7    second bite at the apple.

8    Mr. Levi attempts to avoid the effect of his prior losses by claiming that he received

9    additional information about Judge McElroy's relationship with Dean Keane while the State Bar

10   Court Review Department was considering his appeal of Judge McElroy's decision to deny him

11   admission.[19]  He also contends that he received more information about their friendship after the

12   Review Department issued its decision.[20]  What he fails to recognize, however, is that this

13   additional information was apparently received prior to the time he filed his petition for review

14   to the California Supreme Court.  In other words, Mr. Levi had every opportunity to present this

15   allegedly new information to the State Bar Court or the California Supreme Court.  He does not

16   explain whether he did so, and if not, why he failed to do so.  Nor does he explain how this

17   information constitutes "evidence," whether this information was previously available to him, or

18   how this information would have changed the outcome of his moral character hearing.  Mr.

19   Levi's vague assertions provide no basis for this Court to grant him an appellate remedy that the

20   California courts have already denied.

21   **IV.    CONCLUSION**

22   Mr. Levi's request to void an underlying state court judgment and to transfer the

23   California Supreme Court's inherent authority over attorney admissions to another branch of

24   state government is nonsense.  The federal courts cannot simply invent some new scheme for

25   attorney admissions because Mr. Levi is dissatisfied with the scrutiny that the existing process

26

27   [19]    Opp'n at 9:24-26.

28   [20]    Opp'n at 9:28–10:6.

KERR
WAGSTAFFE
LLP

7
Case No. 07-04378-MHP            DEFS' REPLY TO PLF'S OPP'N TO MOTION TO DISMISS FAC

1   has applied to his past misconduct.  His effort to undermine California's admissions and

2   disciplinary system should be flatly rejected, and this frivolous case dismissed without leave to

3   amend.

4   DATED: November 29, 2007                    Respectfully submitted,

5                                                **KERR & WAGSTAFFE LLP**

6

7                                                By   ___/s Michael von Loewenfeldt_____
                                                     MICHAEL VON LOEWENFELDT

8

9                                                Attorneys for Defendants
                                                 Judy Johnson, Debra Lawson, Patrice McElroy, and
10                                               Allen Malmquist

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KERR
&
WAGSTAFFE
LLP

Case No. 07-04378-MHP                    DEFS' REPLY TO PLF'S OPP'N TO MOTION TO DISMISS FAC