1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS, State Bar No. 90294
   Supervising Deputy Attorney General
3   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
4   Telephone:  (415) 703-5520
    Fax:  (415) 703-5480
5   Email:  Paul.Hammerness@doj.ca.gov

6  Attorneys for State Judicial Defendants

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  SIMON LEVI,                          Case No. C 07-04378-MHP

                              Plaintiff, **STATE JUDICIAL
13                                       DEFENDANTS' REPLY TO
                                         OPPOSITION TO MOTION TO
14         v.                            DISMISS; MEMORANDUM OF
    STATE BAR OF CALIFORNIA, et al.,     POINTS AND AUTHORITIES**
15
                              Defendants. Date:        December 17, 2007
16                                        Time:        2:00 p.m.
                                          Courtroom:   15, 18th Floor
17                                        Judge:       The Honorable
                                                       Marilyn Hall Patel
18

19         COME NOW the State Judicial Defendants and file the following memorandum of points

20  and authorities in reply to plaintiff's opposition to their motion to dismiss this action.

21         Dated:  December 3, 2007.

22                              Respectfully submitted,

23                              EDMUND G. BROWN JR.
                                Attorney General of the State of California
24
                                 /s/  Paul T. Hammerness
25                              _____
                                PAUL T. HAMMERNESS
26                              Supervising Deputy Attorney General

27                              Attorneys for State Judicial Defendants

28
    40191552.wpd

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

In his opposition to the State Judicial Defendants' motion to dismiss, plaintiff Levi fails to provide any legal support which would authorize this Court to entertain his challenge to, much less overturn, the decision of the California Supreme Court with respect to his Bar admission.

Plaintiff's opposition makes the astonishing statement that his suit against the Chief Justice and Associate Justices of the California Supreme Court is a "mere technicality," but he has failed to identify any exception to the bar of absolute judicial immunity or the Rooker-Feldman doctrine which would allow him to pursue this federal collateral attack on the decision in his State Bar admission proceedings.

Consequently, for the reasons discussed below, the State Judicial Defendants' motion should be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

**ARGUMENT**

2

**I**

3

**ABSOLUTE JUDICIAL IMMUNITY BARS ALL CLAIMS AGAINST STATE JUDICIAL OFFICIALS, IRRESPECTIVE OF THE KIND OF RELIEF SOUGHT.**

4

5       Although plaintiff claims he is suing the Chief Justice and Associate Justices of the

6  California Supreme Court "as a mere technicality," he has refused to voluntarily dismiss them from

7  the action, and maintains that absolute judicial immunity does not bar his claims for prospective

8  equitable relief.  (Opp. to Motion to Dismiss, at p. 8.)  He is mistaken.

9       The Ninth Circuit's decision in <u>Mullis</u> v. <u>U.S. Bankruptcy Court</u>, 828 F.2d 1385, 1394 (9th

10  Cir. 1987) is squarely on point - the fact that federal judicial officials were involved in that case on

11  a <u>Bivens</u> claim is a distinction without any substantive difference. It has long been the rule that

12  absolute judicial immunity is available to state judges sued under 42 United States Code section

13  1983.  <u>Pierson</u> v. <u>Ray</u>, 386 U.S. 547, 554-55 (1967) (absolute judicial immunity available to state

14  judge sued under § 1983).

15       Similarly, plaintiff's citation of <u>Pulliam</u> v. <u>Allen</u>, 466 U.S. 522 (1984) is unavailing.  In

16  response to that decision, Congress amended 42 U.S.C. § 1983 to provide: "[I]n any action brought

17  against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive

18  relief shall not be granted unless a declaratory decree was violated or declaratory relief was

19  unavailable."

20       Given the allegations of plaintiff's complaint, which clearly avers that the Chief Justice

21  and the Associate Justices of the California Supreme Court were acting in their judicial capacity

22  when they ruled on plaintiff's Bar admission application, absolute immunity applies to bar this

23  action as to the State Judicial Defendants.

24

**II**

25

**PLAINTIFF'S ACTION SEEKS TO DIRECTLY UNWIND THE STATE COURT'S RULING IN HIS CASE, AND IS CLEARLY BARRED UNDER ROOKER-FELDMAN.**

26

27       The prayer of plaintiff's complaint requests this Court to, in effect, reverse the California

28  Supreme Court's ruling in his prior Bar admittance case.  As such, this action clearly falls within

1   the purview of the Rooker-Feldman doctrine, and is barred.  As noted in the authority cited in

2   plaintiff's opposition brief, Kougasian v. TMSI, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004):

3       "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision
        by a state court, and seeks relief from a state court judgment based on that
4       decision, Rooker-Feldman bars subject matter jurisdiction in federal district
        court.  If, on the other hand, a federal plaintiff asserts as a legal wrong an
5       allegedly illegal act or omission by an adverse party, Rooker-Feldman does not
        bar jurisdiction."

6   (quoting Noel v. Hall, 341 F.2d 1148, 1164 (9th Cir. 2003) (emphasis added).

7       In Kougasian, the Ninth Circuit held that the losing party in a state civil action could bring

8   a subsequent action in federal court when the judgment had been obtained by extrinsic fraud–but

9   only against the adverse party in the state court proceedings, not against the court itself.  Kougasian

10  does not stand for the proposition advanced by plaintiff here – that a party which loses in state court

11  can sue the state judicial officials to obtain appellate review in federal court, without running afoul

12  of the Rooker-Feldman doctrine.

13      Because plaintiff's claims against the California Supreme Court justices are "inextricably

14  intertwined" with a review of the prior state case, Rooker-Feldman clearly applies as a jurisdictional

15  bar to the Court entertaining this action against the State Judicial Defendants.

16                                      **CONCLUSION**

17      Because it is clear that pro per plaintiff Levi is challenging the State Judicial Defendants'

18  actions taken in their judicial capacity, absolute immunity bars his claims.  Likewise, plaintiff's

19  allegations of extrinsic fraud do not supply an exception to the bar of the Rooker-Feldman doctrine

20  in this case, as it is clear that his claims are inextricably tied to undermining the State court's

21  decision in his Bar admission proceedings.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

State Judicial Defs' Reply to Opp. to Motion to Dismiss; Memo of Points and Authorities    C 07-04378-MHP

1    Consequently, the State Judicial Defendants respectfully request that their motion to

2  dismiss be granted.

3        DATED:  December 3, 2007.

4                                      Respectfully submitted,

5                                      EDMUND G. BROWN JR.
                                       Attorney General of the State of California
6

7                                        /s/  Paul T. Hammerness

8                                      _____
                                       PAUL T. HAMMERNESS
                                       Supervising Deputy Attorney General
9
                                       Attorney for State Judicial Defendants
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

State Judicial Defs' Reply to Opp. to Motion to Dismiss; Memo of Points and Authorities        C 07-04378-MHP