UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON LEVI<br><br>          Plaintiff,<br>  v.<br>STATE BAR OF CALIFORNIA, ET AL.<br><br>          Defendants.<br>_____/ | No. C 07-04378 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Defendants' Motion to Dismiss;**<br>**Plaintiff's Administrative Motions;**<br>**Plaintiff's Motion to file a Second**<br>**Amended Complaint; Plaintiff's Notice**<br>**of Dismissal** |

    Plaintiff Simon Levi brought suit against the State Bar of California and others on August 24, 2007. Plaintiff seeks an order holding that the State Bar may not consider any future moral character applications that Mr. Levi may file as well as a reversal of the California Supreme Court's order denying his application for admission into the California Bar. Now before the court are: 1) defendants' motion to dismiss plaintiff's first amended complaint; 2) plaintiff's administrative motions asking the court to appoint an attorney, seal court records, order defendants to file documents under seal, rename the case and proceed as John Doe and authorize e-filing; 3) plaintiff's motion seeking leave to file a second amended complaint; and 4) plaintiff's notice of dismissal. The court has considered the parties' arguments fully, and for the reasons set forth below, the court rules as follows.

BACKGROUND

I.    Overview

    Plaintiff Simon Levi brought this action against the State Bar of California, Judy Johnson, Debra Lawson, Patrice McElroy, the State Bar Court, the Committee of Bar Examiners (the

"Committee") and Allen Malmquist on August 24, 2007. A month later Levi filed his first amended complaint adding the California Supreme Court and each justice on the California Supreme Court as defendants. Plaintiff seeks: 1) an order holding that the State Bar may not consider any future moral character applications that Mr. Levi may file; and 2) a reversal of the California Supreme Court's order denying his application for admission into the California Bar. On November 5, 2007 plaintiff dismissed the State Bar of California, the Committee, the State Bar Court, and the California Supreme Court from this action. The remaining defendants have filed a motion to dismiss plaintiff's first amended complaint on the basis of, *inter alia*, the Rooker-Feldman doctrine and judicial immunity.

The remaining defendants are Johnson, Lawson, Malmquist, Judge McElroy and the individual justices of the Supreme Court of California. Johnson is the executive director of the State Bar. She has direct oversight authority over all bar operations. Lawson is employed by the State Bar as the moral character determination office director. Malmquist is a moral character analyst in the moral character determinations office of the State Bar. Judge McElroy is a State Bar Court hearing department judge. She presided over and heard Levi's request for review of his second application for moral character determination. She then issued a hearing department decision on March 18, 2004 recommending that plaintiff not be admitted to the California Bar. The justices on the Supreme Court of California declined to admit Mr. Levi to the State Bar and subsequently denied his writ of appeal of Judge McElroy's decision.

II.   Factual Background

Plaintiff Levi graduated from San Francisco Law School, passed the California Bar examination, and submitted his first moral character application in or about 1997.[1] The Committee denied his first moral character application in June 1998. Levi requested review of the Committee's determination in the hearing department. On December 7, 1999 the hearing department issued its decision denying Levi's application for admission due to inadequate moral character. Specifically, Levi had filed frivolous lawsuits against Safeway, behaved aggressively and threatening towards

2

Safeway's counsel, impersonated a police officer while working as a process server, assaulted—and was convicted for—physically attacking a woman and pepper-spraying both her and her five-year-old daughter while serving papers and because Levi lacked candor while presenting his case. Levi appealed to the review department. On April 12, 2001 the review department affirmed the hearing department's conclusion after a de novo review.

In August 1999, Levi enrolled in an L.L.M. program at Golden Gate Law School. On March 20, 2001 he filed his second moral character application. On June 13, 2002 the Committee declined to certify him. On June 18, 2002 Levi requested a hearing. Judge Patrice McElroy held a three-day hearing before filing her decision on March 18, 2004, affirming the Committee's conclusion due to, *inter alia*, Levi's sexual harassment of fellow law student Sara Raymond and his failure to report such conduct on his application. Levi appealed this decision.

On November 24, 2004 Levi sued the State Bar, a senior State Bar prosecutor and Abelson in state superior court alleging various causes of action stemming from Abelson's purported disclosure of confidential State Bar information to Raymond. Levi voluntarily dismissed the action while the parties were engaged in an interim appeal of the court's decision denying in part and granting in part defendants' special motion to strike. The superior court made no factual determinations as to the merits of Levi's accusations.

On September 16, 2005, in a de novo review, the review department affirmed the hearing department's conclusion regrading Levi's second application for moral character. On November 15, 2005 Levi sought review by the California Supreme Court. Levi alleged, *inter alia*, that the hearing department erred by not reopening discovery regarding his sexual harassment of Raymond. He also claimed that he had discovered that a fellow Golden Gate Law School student, Abelson, disclosed confidential information about him to Raymond; information that Abelson purportedly obtained while working as a law clerk for the State Bar's disciplinary prosecution division. On January 4, 2006 the California Supreme Court denied Levi's petition for review.

On August 24, 2007 plaintiff brought the instant suit.

3

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

## DISCUSSION

Plaintiff seeks review of a determination made by the California Supreme Court since only the California Supreme Court has authority to grant or deny admission to the California Bar. In re Rose, 22 Cal. 4th 430, 436 (2000). "As courts of original jurisdiction, [district courts] do not have jurisdiction over direct challenges to final decisions of state courts, even if those challenges allege that the state court's action was unconstitutional." Allah v. Superior Court, 871 F.2d 887, 890–91 (9th Cir. 1989). "This rule applies even though the direct challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." Id.; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 484–87 (1983). In Feldman, the District of California Bar rules denied Marc Feldman permission to sit for the bar examination because he had not attended law school. The Supreme Court held that only it could hear challenges to allegedly unlawful judicial state court decisions and that lower district courts could hear *general* constitutional challenges to state bar rules. 460 U.S. at 486. Indeed, this is a fundamental tenet of our federalist system: Federal district courts may only exercise original jurisdiction and the United States Supreme Court has exclusive jurisdiction to review state court decisions. See 28 U.S.C. § 1257; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Because the complaint seeks a review of the merits of a state court action, this district court is powerless. Specifically, in the Ninth Circuit, "orders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." MacKay v. Nesbett, 412 F.2d 846, 846 (9th Cir. 1969); see also Craig v. State Bar of California, 141 F.3d 1353 (9th Cir. 1998).

Plaintiff is complaining about legal wrongs allegedly committed by Dean Keane of Golden Gate Law School—who appeared as counsel against Mr. Levi—by bribing Judge McElroy and not disclosing his true relationship with her. Thus, plaintiff claims that Rooker and Feldman do not apply because "a federal plaintiff [is] assert[ing] as a legal wrong an allegedly illegal act or omission by an adverse party." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). Plaintiff, however, does not explain how this warrants the relief he seeks nor does he demonstrate how the

4

relief sought does not assert review of a state court decision. Mr. Keane, the one alleged to have committed an extrinsic fraud, is not a party to this action nor was Mr. Keane an adverse party in the underlying proceedings. Similarly, Judge McElroy was not an adverse party in the underlying proceedings. Furthermore, no new evidence regarding Judge McElroy's alleged improprieties was received after Mr. Levi appealed to the California Supreme Court. Any allegations of fraud with respect to the state court decision must be brought to the attention of the state courts and eventually by way of certiorari to the United States Supreme Court. This court therefore must defer to the California Supreme Court's decision regarding this purely state law matter, and that Court declined to hear Mr. Levi's case.

Furthermore, with respect to the individual justices on the California Supreme Court, this civil case is barred by absolute judicial immunity. Pierson v. Ray, 386 U.S. 547, 554 (1967). Their adoption of the moral character recommendation by the State Bar was clearly a judicial function and therefore, under Pierson, they have absolute judicial immunity with respect to that decision. It must be noted that "[t]his immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Id.

In light of the above discussion, it is clear that there is nothing plaintiff can do to cure the deficiencies in his complaint with respect to the named defendants. Thus, the court dismisses plaintiff's first amended complaint with prejudice. For the same reasons, the court also denies plaintiff's motion to file a second amended complaint.[2]

Since the above issues are dispositive, the court does not reach defendants' arguments that the court must dismiss because of: 1) the eleventh amendment bar; 2) a lack of a case or controversy; and 3) a failure to state a claim upon which relief can be granted. Though defendants' arguments regarding these issues are well briefed, the court does not express an opinion on them since the lack of jurisdiction is fatal to plaintiff's case.

In light of the court's ruling upon defendants' motion to dismiss, plaintiff's administrative

motions requesting: 1) an attorney; 2) that new evidence be submitted under seal; and 3) that he be allowed to e-file are all denied as moot. The court now turns to plaintiff's request that the exhibits submitted by defendants be filed under seal. It is undisputed that the following documents are already part of the public record due to state court proceedings: 1) State Bar Court hearing department decision dated December 7, 1999; 2) State Bar Court review department decision dated April 21, 2001; 3) State Bar Court hearing department decision dated March 18, 2004; and 4) California Supreme Court order denying Levi's petition for a writ. Plaintiff, however, should be afforded the right to maintain his privacy with respect to the State Bar Court review department decision dated September 16, 2005 and his petition for Supreme Court writ review of that decision. This is further buttressed by California Business and Professions code section 6060.2, which preserves the confidentiality of proceedings conducted by the State Bar concerning the moral character of an applicant. The court therefore orders that exhibits four and five of defendants' request for judicial notice be sealed. However, plaintiff's request that the case be re-styled as "John Doe v. Johnson" is denied because he has not presented any evidence demonstrating the need for anonymity. Specifically, plaintiff himself filed the case with his real name and plaintiff has not shown how section 6060.2, which relates to proceedings in front of the State Bar, is applicable.

Finally, the court declines to adopt plaintiff's notice of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). Defendants' motion to dismiss had been submitted and was pending at the time plaintiff filed his notice of dismissal. This fully briefed, submitted and pending motion must be decided by this court and the plaintiff may not circumvent the court's order by dismissing his action. Since the disposition of defendants' motion to dismiss makes plaintiff's notice of dismissal moot, the court rejects plaintiff's notice of dismissal.

CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's first amended complaint is GRANTED with prejudice, plaintiff's administrative motions are DENIED in part and GRANTED in part, plaintiff's motion to file a second amended complaint is DENIED and plaintiff's

1 notice of dismissal with prejudice is DENIED.

3     IT IS SO ORDERED.

Dated: December 28, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

# ENDNOTES

1.   <u>See</u> State Bar Court review department decision dated April 21, 2001, Defendants' Request for Judicial Notice, Exh. 2, ¶ 3. The court hereby takes judicial notice of the following documents pursuant to Federal Rule of Evidence 201: 1) State Bar Court hearing department decision dated December 7, 1999; 2) State Bar Court review department decision dated April 21, 2001; 3) State Bar Court hearing department decision dated March 18, 2004; 4) State Bar Court review department decision dated September 16, 2005; 5) Levi's petition for Supreme Court writ review of the State Bar Court review department decision dated September 16, 2005; and 6) California Supreme Court order denying Levi's petition.

2.   Furthermore, the proposed second amended complaint suffers from the same jurisdictional flaws as the first amended complaint. The proposed amendments merely assert more causes of action and pray for further relief without specifying a legitimate jurisdictional basis for the court's review.